KENDZIERSKI *v.* KENDZIERSKI.

1. ELECTION OF REMEDIES—ESTABLISHMENT OF LOST WILLS—SPECIFIC PERFORMANCE OF ORAL AGREEMENT TO LEAVE INTEREST IN REAL ESTATE BY WILL.

Plaintiffs' unsuccessful attempt to establish a lost will whereby it was claimed that plaintiff husband was bequeathed the

balance due on a land contract in which testatrix, his mother, was vendor, would not be a bar to suit for specific performance of an alleged oral agreement by testatrix to cancel balance due by will in return for plaintiffs' furnishing of home, board and an agreed sum per month in addition to the contract payments under the written land contract alleged to have been entered into simultaneously as there is no inconsistency in the relief sought.

2. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY REAL ESTATE —PERFORMANCE BY GRANTEE.

While courts will not specifically enforce an oral agreement, unaccompanied by other controlling circumstances, to make a will by means of which an interest in real estate passes, where expectant grantees have fully executed their part of an oral contract to convey land, such contract will be specifically performed by the courts.

3. SAME—ACTION—ORAL CONTRACT TO CONVEY REAL ESTATE.

Plaintiffs alleged a case entitling them to equitable relief where bill alleged that they entered into an oral agreement with deceased whereby in return for furnishing her with a home, board and an agreed sum per month she would, by will, cancel balance due upon written land contract for purchase from her of house and lot and that plaintiffs had fully executed their part of the alleged oral agreement.

Appeal from Wayne; Nicol (Henry G.), J. Submitted April 18, 1940. (Docket No. 90, Calendar No. 40,973.) Decided June 3, 1940.

Bill by John Kendzierski and wife against Frank Kendzierski and Marguerite Montgomery, administrators of the estate of Mary Kendzierski, deceased, for specific performance of an alleged oral agreement to convey land. Bill dismissed. Plaintiffs appeal. Reversed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Harry J. Lippman,* for defendants.

NORTH, J.   Plaintiffs' bill of complaint, while it seeks other relief, is fundamentally one for specific performance of an alleged oral agreement whereby, contingent upon performance on their part, plaintiffs upon the death of Mary Kendzierski were to become vested with title in fee to certain property formerly owned by her, she being the mother of plaintiff John Kendzierski.   Defendants filed a motion to dismiss the bill of complaint for the following reasons: 1. Because no cause of action entitling them to equitable relief is set forth in plaintiffs' bill of complaint. 2. Because plaintiffs seek performance of an oral agreement to make a will through which plaintiffs would obtain title to real estate.   3. Because plaintiffs seek specific performance of an oral agreement to convey real estate which is unenforceable under the statute of frauds.   From the order of the circuit judge dismissing the bill of complaint, plaintiffs have appealed.

Mary Kendzierski died on December 24, 1938.   In 1935, she was the owner of a house and lot in the city of Detroit, and on the 19th day of March, 1935, she entered into a contract to sell this property to plaintiffs.   The contract executed by the parties recited a down payment of $250 and provided that the balance of $1,150 should be paid at the rate of $10 per month· with interest at six per cent. per annum on sums unpaid.   Plaintiffs have alleged in their bill of complaint that at the time the land contract was consummated Mary Kendzierski entered into an oral agreement with plaintiffs that in consideration of their furnishing her with a home, board, and an agreed sum of money per month during her lifetime in addition to the contract payments she would provide by will that upon her death whatever balance was unpaid on the land contract should be cancelled and her executor directed to convey to plaintiffs title to the

property described in the contract. Plaintiffs allege they performed their part of the oral agreement. They also allege after the execution of the land contract Mary Kendzierski did execute the contemplated will. After the death of Mrs. Kendzierski plaintiffs were unable to locate the will, and they instituted proceedings in the probate court to establish an alleged lost will containing a provision in accordance with the alleged oral agreement between plaintiffs and Mrs. Kendzierski. Plaintiffs were unsuccessful in their attempt to establish a lost will, and thereafter this bill of complaint was filed. The relief sought is a decree "that the plaintiffs are the owners in fee of the premises described in the aforesaid land contract," and that the representative of the estate be ordered to convey title of the property to plaintiffs, and that the unpaid portion of the purchase price under the above-mentioned land contract be cancelled.

Plaintiffs are not barred from seeking equitable relief by their unsuccessful attempt to establish a lost will. If in fact the oral agreement alleged by plaintiffs was entered into with Mrs. Kendzierski and was fully performed by plaintiffs, their right to relief would not be affected by the fact, if such was the fact, that Mrs. Kendzierski destroyed the will which she had made in fulfilment of her oral agreement with plaintiffs. There is no inconsistency between plaintiffs' attempt to establish the lost will and the relief sought in the instant suit.

While plaintiffs' bill of complaint alleged an oral agreement on the part of Mrs. Kendzierski to make a will under the terms of which plaintiffs would become vested with title in real estate, still a fair construction of the bill of complaint taken as a whole is that plaintiffs entered into an oral agreement with Mrs. Kendzierski to furnish her a home, care and an agreed

amount of money per month during the remainder of her life in consideration of the agreement on her part to leave to plaintiffs upon her death whatever interest remained in her at that time in the property covered by the land contract. Plaintiffs further allege performance on their part of the contract, and now ask specific performance on the part of the estate of deceased. It is only incidental to the above-noted contractual relation that plaintiffs set forth in their bill of complaint an agreement upon the part of Mrs. Kendzierski to accomplish this result by making a will.

As an abstract proposition it is true that courts will not specifically enforce an oral agreement, unaccompanied by other controlling circumstances, to make a will by means of which an interest in real estate passes. *King* v. *Luyckx*, 280 Mich. 117. But in this jurisdiction the cases are too numerous to require citation wherein it is held that an oral contract of the character herein alleged by plaintiffs to convey real property which contract has been fully executed by the expectant grantees will on their application be specifically performed by the courts. As examples of cases of this character, see *Briggs* v. *Briggs,* 113 Mich. 371; *Duncan* v. *Duncan,* 288 Mich. 306.

Plaintiffs' bill of complaint sets up a cause of action entitling them to equitable relief, notwithstanding it appears that merely incidental to the final consummation of the oral agreement between the parties it was contemplated that Mrs. Kendzierski would provide for accomplishing the result by means of a last will and testament. The trial court was in error in dismissing plaintiffs' bill of complaint on the theory that it set up only an oral agreement to make a will involving the transfer of an interest in real estate.

The decree entered in the circuit court will be vacated and the usual time thereafter allowed to defendants in which to answer. The case is remanded to the circuit court in chancery for further proceedings therein. Costs of this appeal to appellants.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.