POLATE *v.* POLATE.

1. DIVORCE—PROPERTY SETTLEMENT—JURISDICTION.
    Circuit court in suit for divorce properly refused to include in its decree for plaintiff wife the value of her interest in her deceased mother's estate or the extent of defendant husband's contributions thereto while it was owned by the mother, in decreeing property settlement between the parties, where the time for presentation of claims by creditors had not then expired, plaintiff did not yet have an absolute or final title, and the value of the estate, the extent of defendant's contributions, whether creditors of the mother's estate might take any or all of it and kindred matters were then within the jurisdiction of the probate court and not to be considered in the divorce case.

2. SAME—PROPERTY SETTLEMENT.
    Division of property at termination by divorce of marriage lasting 9 years is not disturbed, where plaintiff wife is awarded automobile, household goods in her possession and an undivided half interest in an apartment property owned by the parties as tenants in common and defendant husband an automobile, household furniture in his possession, a vacant lot, an undivided half interest in the apartment property and all interest in life insurance, endowment or annuity policies.

3. SAME—ALIMONY—SUPPORT OF CHILDREN.
    Award of $10 per week for support of minor child and $10 per week alimony for support of plaintiff wife *held*, not excessive.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation § 445.
[3] 17 Am Jur, Divorce and Separation §§ 596 *et seq.,* 699.

Appeal from St. Clair; George (Fred W.), J. Submitted October 3, 1951. (Docket No. 24, Calendar No. 44,874.) Decided December 3, 1951.

Bill by Alice Polate against Steven Polate for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Mann & McIntosh,* for plaintiff.

*Duncan J. McColl (Robert J. Wojcinski,* of counsel), for defendant.

BOYLES, J. This is a divorce case. The only question raised is whether the alimony award and property division are inequitable and unfair.

Plaintiff was granted a divorce, custody of their minor child, $10 per week for support of said minor, and $10 per week alimony for her own support and maintenance. In the decree she was also awarded the automobile and household furniture and fixtures then in her possession, and in lieu of dower an undivided half interest as tenant in common in a certain apartment house in Detroit owned by the parties as tenants by the entireties. The defendant was awarded an automobile and household furniture and fixtures then in his possession, a vacant lot in Wayne county, an undivided half interest as tenant in common in the aforesaid apartment house, and all interest in all life insurance, endowment or annuity policies. The defendant appeals.

The parties were married in 1936 and separated in 1945. The defendant owned the vacant lot and the apartment house at the time of the marriage. They both value the vacant lot at about $2,000, appellant values the apartment house at $7,000 or $8,000 while

plaintiff considers it worth about $12,000. Both parcels are unencumbered. During the marriage the defendant put the title to the apartment house into a tenancy by the entireties with his wife but remained the sole owner of the vacant lot.

The gist of appellant's claim that the court awarded too much property to the plaintiff is that he expended about $9,000 in work and equipment on a farm owned by plaintiff's mother. Plaintiff lived with her mother on the farm, the defendant lived in the apartment in Detroit and came out to the farm on week ends. He claims he contributed about $9,000 to the farm and she testified that he did not spend a lot of money on equipment and that he didn't do any farm work at all. However that may be, it is his theory that the expenditures he made on plaintiff's mother's farm should be charged against plaintiff in considering the award of alimony or property to the plaintiff in the divorce decree. His theory is based on the fact that plaintiff's mother died about a month before the divorce case was tried, leaving the plaintiff as her sole heir-at-law, wherefore she would become the sole owner of the farm. Plaintiff's mother's estate was then in course of administration in the probate court. For obvious reasons the circuit judge properly refused to include the value of plaintiff's prospective interest in the farm or the extent of appellant's contributions while it was owned by plaintiff's mother in decreeing a property settlement between the parties. Whether or not appellant would have a claim against the estate in probate court is beside the point. The time for creditors to file claims against the estate had not expired. Plaintiff did not yet have an absolute or final title, and the value of her interest in the farm was problematical. The value of the farm, the extent of appellant's contributions, whether creditors of the estate might take any or all of it, and kindred matters then within the ju-

risdiction of the probate court, were matters not to be considered in the divorce case.

By the decree appellant retains his vacant lot, life insurance, automobile and household goods, and an undivided half interest as tenant in common in the apartment house. Plaintiff has her automobile and household goods and the undivided half interest in the apartment house which she would otherwise have, under the statute, unless ownership were otherwise determined by the decree. CL 1948, § 552.102 (Stat Ann § 25.132). The award of alimony for the support and maintenance of plaintiff and the minor son was not excessive and we find no reason to disturb the trial court's division of the property.

Affirmed, with costs to appellee.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.