*In re* DOLGY'S ESTATE.

APPEAL OF POLATE.

1. CONTRACTS—CONSIDERATION—PAST CONSIDERATION.
   An agreement to render services is a good consideration for a promise to pay for past services as well as those about to be rendered.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contracts §§ 113, 114, 118.
[2] 21 Am Jur, Executors and Administrators § 924.
[5] 21 Am Jur, Executors and Administrators § 327.
[8] Generally as to witnesses in regard to transactions with a deceased person, see 58 Am Jur, Witnesses § 214 *et seq.*

2. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—LIMITATION OF ACTIONS.

Claim against estate of deceased person for performance of services and expenditure of money is limited to 6 years prior to such person's death, where there is no evidence that plaintiff had obligated himself to perform services or expend money in the future when making his claim for services rendered antedating as well as within such 6-year period (CL 1948, § 609.13).

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —BURDEN OF PROOF.

The burden of showing that the evidence sought to be barred was equally within the knowledge of the deceased party against whose estate a claim is presented is upon the party invoking the statute (CL 1948, § 617.65).

4. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—BURDEN OF PROOF.

The burden of establishing a right to recover as to each item of a claim against an estate is upon the claimant.

5. SAME—CLAIMS AGAINST ESTATES—BURDEN OF PROOF—EXPECTATION OF PAYMENT.

Son-in-law claimant against an estate of decedent must prove that services were rendered and money expended with the expectation and intent on the part of both decedent and claimant that latter would be compensated therefor.

6. SAME—CLAIMS AGAINST ESTATES—VALUE—EVIDENCE.

A claimant against the estate of a decedent must establish by competent evidence the fair amount of each item for which he claims payment of compensation.

7. SAME—CLAIMS AGAINST ESTATES—WIDOW'S AGREEMENT TO REPAY CLAIMANT FOR OBLIGATIONS OF HUSBAND'S ESTATE—EVIDENCE.

Items claimant, a former son-in-law, presented against the estate of decedent widow which would have been proper items against her late husband's estate, such as his hospital and funeral expenses, but as to which there was no showing of an agreement on her part to repay claimant, supported by a valuable consideration, were properly disallowed.

8. SAME—CLAIMS AGAINST ESTATES—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Items of claim against decedent's estate for services rendered and materials furnished which were such as must have been known to deceased but which were proved only by the testimony of claimant, deceased's former son-in-law, were properly disallowed, since such testimony was incompetent (CL 1948, § 617.65).

9. Same—Claims Against Estates—Evidence.

Items of claim against the estate of a decedent as to which there was testimony supporting claim by witnesses other than claimant himself, formerly decedent's son-in-law, became matters for consideration of jury, hence, directed verdict for the estate as to such items was reversible error (CL 1948, § 617.65)..

Appeal from St. Clair; Stewart (Shirley), J. Submitted October 6, 1953. (Docket No. 1, Calendar No. 45,661.) Decided December 29, 1953.

In the matter of the estate of Anna Dolgy, deceased. Steven Polate presented his claim for materials, labor and money advanced. Directed verdict for disallowance of all but $40. Plaintiff appeals.. Reversed and remanded.

*Duncan J. McColl, Jr.,* and *Robert J. Wojcinski,*. for plaintiff.

*Black & Bush,* for defendant.

Sharpe, J. This is an appeal by Steven Polate· from the disallowance of a claim which he filed against the estate of Anna Dolgy, deceased.

The claimant, Steven Polate, was married to Alice· Polate in August of 1936. The record shows that Wookal Dolgy, better known as Nick Dolgy, and wife Anna owned an 80-acre farm in St. Clair county,. about 60 miles from Detroit. Nick Dolgy died January 10, 1943, and his widow Anna Dolgy survived. him and continued to live on the farm until August, 1948. Claimant was separated from Alice Polate in 1945. They were later divorced. See *Polate* v. *Polate,* 331 Mich 652.

Anna Dolgy died in August, 1948, and Alice Polate was appointed administratrix of her mother's estate.. Claimant filed a claim in the probate court of St.. Clair county in the estate of Anna Dolgy.

It is plaintiff's claim that shortly after his marriage, he started to work on the Dolgy farm; that he had performed various services in connection with the operation and management of the farm; that he had helped to repair, construct, and maintain some of the buildings on the farm; that he had helped to maintain the equipment and machinery; that he had likewise purchased, furnished and paid for various materials, equipment and machinery for the farm; that he. had purchased a team of horses that were delivered to the farm; that he had made substantial payments on account of the principal and interest on the mortgage covering the farm; it is his further claim, that he had performed such work and labor, rendered such services, purchased and paid for such machinery and equipment and made such payments on the mortgage at various intervals of time, particularly on weekends, during his vacation periods, and during the time that he was employed by the United States Rubber Company. This covered a period from 1936 until sometime in 1944.

Objections were filed to plaintiff's claim, and the claim was disallowed in the probate court. Plaintiff appealed to the circuit court where the cause was tried before a jury. At the conclusion of plaintiff's testimony, defendant made a motion for a directed verdict for the reason that the testimony offered by plaintiff was not admissible for the reason that it was equally within the knowledge of the deceased. The trial court took the motion under advisement, by virtue of the authority of the Empson act,* and at the conclusion of all testimony defendant renewed the motion. The trial court granted the motion with the exception of an item of $40, which he directed the jury to find in favor of plaintiff. Prior to the

_____

* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1951 Cum Supp § 27.1461 *et seq.*).—REPORTER.

directing of a verdict, plaintiff requested the trial court to give the following instructions to the jury:

"It is the claim of the claimant that he was the son-in-law of Nick and Anna Dolgy, who lived on a farm in Emmett township, St. Clair county, and that, in 1936, he married the daughter of Nick and Anna Dolgy, who owned the farm as tenants by the entireties.

"It is further his claim that in 1936, shortly after the marriage, he started working on the Dolgy farm and furnishing materials and performing services for them. It is further his claim that he performed the following services, and furnished the following materials:

| | | | |
|---|---|---|---:|
| "1. | 1936—Oct., To cost of material for roof on house | $ | 92.00 |
| | To cost of labor | | 80.00 |
| "2. | 1937—To cost of material for roof in barn | | 50.00 |
| | To cost of labor | | 20.00 |
| "3. | 1938—1,000 feet of barb wire | | 55.00 |
| "4. | 1938—To cost of building silo— Romeo, Michigan | | 195.00 |
| "5. | 1938—To cost of material for remodeling house—7740 Greenfield | | 125.00 |
| "6. | 1938—To cost of material for horse stables | | 150.00 |
| "7. | 1938—To cost of corn binder | | 245.00 |
| "8. | 1938—To payment on farm mortgage | | 49.72 |
| "9. | 1938—Nov., To cost of material to build tool shed—Mr. Kudzia— M–21, Emmett, Michigan | | 500.00 |
| | To cost of labor | | 310.00 |
| "10. | 1940—To cost of material to build porch Carl Orlesky | | 125.00 |
| | To cost of labor | | 95.00 |

"11. 1940—To cost of material for metal sheet roof on granary—Mr. Apley ..................... $   65.00
To cost of labor ...........    20.00
"12. 1940—May, To cost of disc—Yale, Michigan ................    104.75
"13. 1940—May, To cost of tractor— Yale, Michigan ...........    350.00
"14. 1940—Sept., To cost of plow—Jack Apley, Emmett, Michigan    115.00
"15. 1940—To cost of harness—Marr Morosoff at Detroit, Michigan .....................    50.00
"16. 1941—May, To cost of side rake and manure spreader—Allis-Chalmers, Yale, Michigan    385.00
"17. 1941—To cost of cow shed—Carl Orlesky for material .......    160.00
To cost of labor ...........    65.00
"18. 1941—To cost of material of 1500 feet of wire fence—J. Ebin-off—18417 Keystone Avenue    90.00
"19. 1942—June, To cost of cultivator, Emmett, Michigan ........    65.00
"20. 1942—Oct. 24 to Jan. 10, To cost of hospitalization of Nick Dolgy at Mack and John R. .......    185.00
"21. 1943—To painting of porch and barn ...................    70.00
"22. 1943—Jan., Payment on farm mortgage .....................    500.00
"23. 1943—May, To purchase of 2 horses — C. McKinney, Brockway, Michigan ......    210.00
"24. 1943—June, To payment of balance on farm mortgage .........    180.47
"25. 1943—To purchase of hay wagon and gate, Carl Orlesky .....    110.00
"26. 1943—Funeral bill—John Jurkie-wicz ...................    497.06

"27.  1943—Russian Church—Henry &
          Jos. Campau .............. $    32.80
"28.  1943—Stone for grave—6 Mile ....      70.00
"29.  1943—Wake after funeral ........     100.00
"30.  1944—Sept., To cost of material for
          building pig pen ..........      50.00
          To cost of labor ..........      10.00
"31.  1944—To cost of fence posts ......     51.31
"32.  1937—to 1944 incl.—To moneys due
          for work and labor per-
          formed in connection with
          haying for a period of 2
          weeks during the month of
          July for the years of 1937 to
          1944, inclusive, being a total
          of 16 weeks, at $25 per week
          for each week ............     400.00
"33.  1938—To work and labor performed
          in connection with building,
          repairing, constructing, im-
          proving, painting, building
          structures and dwellings in
          and about the farm belonging
          to Anna Dolgy, Deceased,
          and her deceased husband,
          Nick Dolgy, for a period of 9
          months commencing on or
          about February 5, 1938, and
          continuing until and includ-
          ing October 8, 1938, at the
          rate of $75 per month .....     600.00
          Total  ................... $6,628.11"

Over objections, plaintiff offered testimony in support of his claim. The statute invoked by defendant is CL 1948, § 617.65 (Stat Ann § 27.914). We note that plaintiff's claim is for continuing services dating from 1936 until 1944. In *Riggs* v. *Riggs' Estate,* 232 Mich 579, 590, we quoted with approval

from *Graham* v. *Stanton* (syllabus), 177 Mass 321 (58 NE 1023):

" 'An agreement to render services is a good consideration for a promise to pay for past services as well as those about to be rendered.' "

In the case at bar we do not find any evidence that plaintiff obligated himself to perform services or expend money in the future. It follows that plaintiff's claim for services must be limited to August 26, 1942, which is 6 years prior to the death of Anna Dolgy.*

The statute relative to testimony equally within the knowledge of the deceased has been before the Supreme Court in numerous cases. The burden of showing that the evidence is equally within the knowledge of the deceased is upon the party invoking the statute, see *Lapachin* v. *Standard Oil Company,* 268 Mich 477, but it is also true that the burden of establishing a right to recover as to each item of a claim against an estate is upon the claimant. See *In re Jorgenson's Estate,* 321 Mich 594. It is also essential that claimant prove that the services rendered and money expended were done with the expectation and intent on the part of each of them that claimant would be compensated therefor. It is also essential that claimant establish by competent evidence the fair amount of each item for which he claims compensation pay.

In *Re Jorgenson's Estate, supra,* plaintiff went to live in the home of decedent as a roomer and boarder. He claimed that after he went to live there he began paying household bills and performed labor incident to repairing and improving her home, as well as paying for the materials used. We said (p 603):

"Touching such items as groceries, coal, clothing, et cetera, it must be concluded from the record that

---

* See CL 1948, § 609.13 (Stat Ann § 27.605).—Reporter.

the amount or fair value thereof was equally within the knowledge of Mrs. Jorgenson, and, hence, plaintiff's testimony, which was the only testimony as to the amount or value of these and similar items, was incompetent."

The first item of plaintiff's claim subsequent to August 26, 1942, is for $185, which represents a hospital bill incurred by decedent's husband. This claim would be a proper item to consider as a claim against decedent's husband's estate. The record does not show that decedent promised, for a valuable consideration, to repay claimant. It follows that the trial court was not in error in disallowing this claim.

The next claim of claimant is that he purchased the paint and furnished the labor to paint the barn and porch of the home in 1943, at a combined value of $70. There is no evidence in the record, outside of claimant's testimony, that he purchased the paint or performed the labor. If such services were performed it must have been known to deceased, and under the authority of the *Jorgenson Case, supra,* claimant cannot recover.

The next claim of claimant is that 2 or 3 days after the death of Nick Dolgy, which occurred January 10, 1943, he paid $500 on the mortgage. The only evidence to support such claim is claimant's testimony. There is no evidence that decedent promised to repay claimant for the money claimed to have been paid.

Another claim of claimant is that he purchased 2 horses for use on the farm. It would appear self evident that if 2 horses were brought to the farm that decedent could not fail to know about them. Moreover, there is no evidence other than that of plaintiff that he paid for the horses. This item must be excluded.

Another item is the payment of the funeral expense of decedent's husband in the amount of $497.-

06. This item of expense, if paid by plaintiff, is a proper charge against the estate of Nick Dolgy. The record fails to show that decedent, for a consideration, promised to reimburse plaintiff for such payment.

Other items claimed are $32.80 for funeral services; $70 for a monument; and $100 for a funeral wake for decedent's husband, Nick Dolgy. These items fall in the same category as the cost of the funeral.

Other items in plaintiff's claim are $40 paid to Carl Orlesky; $27.30 and $24.01 paid for fence posts; $60 for labor and materials in building a pig pen, as well as labor performed in connection with haying since August 26, 1942. Although there is a dispute as to who paid for the material in the above items, there is some evidence other than that of plaintiff that the labor was performed and materials paid for by plaintiff. In our opinion these items should have been submitted to the jury for their consideration. The judgment is reversed and remanded to the circuit court of St. Clair county for trial on the items that should have been submitted to the jury on the previous trial. Plaintiff may recover costs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, Boyles, and Reid, JJ., concurred.