## FERRIES *v.* COPCO STEEL & ENGINEERING COMPANY.

1. MASTER AND SERVANT—STEEL SALESMAN—COMMISSIONS—CONTRACTS—QUESTION FOR JURY—EVIDENCE.

    Verdict for plaintiff steel salesman in his action for commissions for period of employment in 1953 *held*, not against the great weight of the evidence, where the issue, of whether or not contract for preceding year had been terminated and a new or modified arrangement made, was submitted to jury under conflicting evidence.

2. SAME—COMMISSIONS—STEEL SALESMAN—INSTRUCTIONS—REQUEST TO CHARGE.

    Claim of appellant's present counsel in action against it for commissions by steel salesman that charge to jury was erroneous and prejudicial and of error in failure to give certain requests *held*, without merit when charge, considered in its entirety, fairly and clearly submitted factual issues to jury and substantially covered material and proper requests.

3. SAME—ATTEMPTED MODIFICATION OF CONTRACT.

    An attempted modification of a contract for personal services, terminable at the will of either party, will not have the effect of terminating the contract, where the parties have continued the employment on the basis of the old agreement.

Appeal from Wayne; Webster (Arthur), J. Submitted October 7, 1955. (Docket No. 58, Calendar No. 46,572.) Decided December 28, 1955.

Assumpsit by James A. Ferries against Copco Steel & Engineering Co., a Michigan corporation,

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  12 Am Jur, Contracts §§ 305, 323 *et seq.*
[3]  12 Am Jur, Contracts §§ 402, 427 *et seq.*

for money due on salesman's commissions. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Arthur Mitchell,* for plaintiff.

*Thomas B. Moore* and *Elmer P. Grierson,* for defendant.

CARR, C. J. Plaintiff herein entered the employ of the defendant corporation in February, 1952, as a steel salesman. No written contract was drawn but the parties agreed orally that he should receive a monthly drawing account and that if the office of salary stabilization of the Federal government, referred to in the record as the wage stabilization board, approved the arrangement he would receive a 2–1/2% commission on sales.* Defendant, under date of March 29, 1952, made application for such permission and the same was granted on November 18th, following, effective as of the date of the application.

In accordance with the agreement between the parties and the approval of the office of salary stabilization, plaintiff was paid 2–1/2% commission on sales of steel made by him for defendant from March 29 to December 31, 1952. The parties are in accord that the arrangement was subject to termination by either on 30 days' notice. It was not, in other words, a contract for a definite period of time. In the latter part of 1952 defendant's representatives had conversations with plaintiff for the purpose of reaching an agreement, if possible, for a change in compensation. Whether such agreement was made, and whether defendant terminated the arrangement then in effect, are matters in dispute in the present case.

Claiming that the contract made in February,

---

* See 50 USCA app § 2101 and reference to termination in 50 USCA 1955 Cum Supp § 2166, subd (a).—REPORTER.

1952, was still in force and effect, plaintiff continued to work for defendant during the first 4 months of 1953. He was paid $666 per month, which was his drawing account during the latter part of the prior year. Defendant did not make payment of commissions that plaintiff claimed he had earned, and in consequence the latter terminated his employment at the end of the 4-months' period above mentioned. The present case resulted, plaintiff insisting that he was entitled to receive the commissions. On the trial before a jury in circuit court the parties presented their respective claims, each supported by testimony. A verdict was returned for plaintiff, allowing him his commissions on sales of steel made by him for defendant in 1953. It does not appear that there was any dispute as to the amount of the recovery if plaintiff was entitled to verdict and judgment.

A motion for a new trial was submitted by defendant, a number of reasons being advanced in support thereof. It was asserted that the verdict of the jury was against the great weight of the evidence, that the proofs in the case established that the arrangement between the parties, in force from February, 1952, to the end of that year, had been terminated, that a new agreement had been made by the parties, at least tentatively, and that defendant was not obligated to pay a commission on the sales made by plaintiff in its behalf during the period in question. The motion was denied, and defendant has appealed.

On the trial in circuit court it was the claim of defendant, supported by testimony, that its representatives in their discussions with plaintiff had refused on behalf of the corporation to continue the agreement then existing as to the method of compensating plaintiff for his services. It was insisted that an offer had been made, in which plain-

tiff had acquiesced, that he would receive a monthly salary of $666 with a possibility of a bonus. Apparently it was the position of defendant that whether such bonus should be granted, and the amount thereof, rested entirely in its discretion.

Plaintiff in his testimony disputed defendant's claims as to the nature of the conversations and the statements made by the parties thereto. In substance, he testified that he refused to accept any arrangement that did not involve the payment to him of a commission of 2–1/2% on sales. It was his claim also, as it is in this Court on appeal, that defendant at no time advised him that the contract made in February, 1952, would be terminated as of the end of that year, and he further insisted that on his refusal to accede to defendant's suggestions as to changes in the arrangement he was told by the representatives of the corporation that a plan would be worked out that would be agreeable to him. He claimed that this was not done, however, and that he continued his employment until the last of April, 1953, in reliance on the contract under which he had worked previously.

From the record before us it is apparent that there was a material dispute between the parties as to precisely what was said during the conferences held in November, and perhaps in December, of 1952. If plaintiff's version was correct, the original agreement between the parties was not altered, nor was it terminated. The mere expression of a desire by defendant's representatives for a different method of compensation did not accomplish such result. Concededly, defendant had the right to terminate the contract, but plaintiff testified, in substance, that such right was not exercised, and further claimed, as above indicated, that no new agreement or modification of the original arrangement was effected. It was, and is, plaintiff's position that he had a right

to assume under the facts claimed by him that he was entitled to continue in accordance with the agreement of the preceding February.

The testimony given by defendant's witnesses was in conflict with that of plaintiff. As before indicated, they insisted that plaintiff was advised by them, in substance, that the original contract was ended, and that a new or modified arrangement was made. Questions of fact for the determination of the jury were presented. From the verdict it is apparent that the jurors accepted plaintiff's version as to what had been said by and between the parties, finding in accordance therewith that the contract as first made had not been abrogated by action of the defendant or by the making of a new agreement.

Under the proofs submitted to the jury it cannot be said that the verdict was against the great weight of the evidence. As triers of the facts, the jury had the right to accept the testimony of the plaintiff if it believed that his version as to what had transpired between the parties was correct. The verdict not being against the great weight of the evidence, the trial court and this Court are bound thereby in the absence of reversible error on the trial. *Rich* v. *Daily Creamery Co.*, 303 Mich 344, 347.

Following the giving by the trial judge of his charge to the jury, counsel then representing defendant expressed his approval thereof. Subsequently there was a substitution of attorneys, and counsel representing defendant on this appeal assert that isolated statements made in the course of the charge were erroneous and prejudicial to defendant. From our examination of the record we are impressed that the factual issues were fairly and clearly submitted to the jury, that defendant's rights were adequately protected, and that the statements of the judge to which defendant now objects were proper.

The jury could not, by any reasonable possibility, have been misled thereby.

It is also urged that the trial court erred in not giving certain requests submitted by defendant's counsel. On comparison of such requests with the charge as given, we find that their substance was substantially covered by the judge insofar as material and otherwise proper. Defendant's objections to the charge as given and to the failure to give requests in the precise form submitted are without merit.

Counsel for defendant on appeal cite and rely on the decision of this Court in *White* v. *United States Gypsum Co.*, 168 Mich 238. The facts there were materially different from those involved in the instant controversy. The plaintiff therein, who was a traveling salesman, sought to recover for his services under an alleged contract of employment. The situation was that previous contracts under which he had worked had been terminated under the provisions therein or by cancellation pursuant to mutual agreement. Thereafter negotiations were entered into between the parties having for their purpose the making of a new arrangement, in effect a rehiring. Pending negotiations plaintiff continued to work, apparently assuming that the prior contract, which had in fact been terminated, would govern his duties and compensation. This Court held that such claim was untenable. Under the facts there was no inference that the arrangement that had been expressly ended was to have any continuing force.

Our attention is also directed to *Meyers* v. *Brown-Forman Distillery Co.*, 289 Ky 185 (158 SW2d 407). There the trial court found from the evidence that plaintiff's contract, on which he based his right to recover, had been terminated before the rendition of the services for which he claimed compensation. On appeal it was held that there was sufficient evi-

dence to sustain the finding. Judgment in defendant's favor was accordingly affirmed. In the case at bar, however, whether the arrangement between the parties in effect from February, 1952, to January 1, 1953, had been superseded or otherwise terminated was in dispute, and the triers of the facts determined the issues raised in favor of the plaintiff. In consequence the decisions above referred to, and others of like import, cited by counsel for defendant, are not in point.

In 56 CJS, Master and Servant, § 118, p 558, it is said with reference to continuance under a contract after attempted modification:

"Where the parties to a contract terminable at the will of either party carry on unsuccessful negotiations for a modification of the original contract and the employment is later continued on the basis of the old agreement, the attempted modification will not have the effect of a termination of the contract limiting the employee's recovery to that time."

In accord with the statement quoted is the decision of the supreme court of Pennsylvania in *Loeliger* v. *Edson Bros.*, 269 Pa 339 (112 A 451). There the parties entered into an agreement under which plaintiff was employed as manager of one of defendant's departments. His compensation was fixed on a weekly basis, in addition to which he was to receive a portion of the net profits of the department under his charge. The agreement by its terms was to continue as long as both parties were satisfied. Defendant terminated the arrangement shortly after the expiration of 2 years of operation thereunder, and plaintiff, claiming that he had not been compensated in full for his services, brought action for an accounting. Defendant claimed that 10 months after the making of the contract it was modified, with reference to computing plaintiff's share of the profits,

by a change in the system of bookkeeping. The trial court found that plaintiff had not consented to such change. On appeal it was held that the record supported the finding, and that defendant's efforts to force plaintiff to accede to the charging of additional items of expense against profits did not effect a termination of the contract of employment. The decree in plaintiff's favor was accordingly affirmed. There being sufficient evidence to support the finding on which such decree was based, the appellate court considered that it was bound thereby. A like situation obtains in the case at bar.

The judgment of the trial court is affirmed, with costs to plaintiff.

BUTZEL, SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.