SZARAPSKI *v.* MACIUK.

1. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY FARM—CONSIDERATION—EVIDENCE.

Evidence presented in suit for specific performance of oral contract by deceased to convey 120-acre farm to plaintiffs *held*, to justify finding of trial court that plaintiffs had established a contract between deceased and plaintiffs and that latter had fully performed thereunder, there being a sufficient consideration furnished by plaintiffs to support the agreement.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —BURDEN OF PROOF.

The burden of showing that the making of improvements on 120-acre farm by plaintiffs was equally within the knowledge of deceased who is claimed to have promised to convey the farm to plaintiffs was upon the administrator of deceased's estate in order to disqualify one of the plaintiffs from testifying as to such improvements in their suit for specific performance (CL 1948, § 617.65).

---

[1] 20 Am Jur, Evidence § 1177.
[2] 58 Am Jur, Witnesses § 251.
[3] 3 Am Jur, Appeal and Error § 1028.
[4] 49 Am Jur, Specific Performance § 170.
[5] 14 Am Jur, Costs § 98.

3. SPECIFIC PERFORMANCE—ORAL CONTRACT TO CONVEY PROPERTY—EVIDENCE.

Reception of incompetent testimony as to the making of improvements on farm, because it may have been equally within the knowledge of deceased *held*, not reversible error, in suit for specific performance of an oral contract to convey property, where there was competent testimony as to the making of improvements, it does not appear that the trial court gave consideration to the incompetent testimony, and it is disregarded in determination of the case on appeal (CL 1948, § 617.65).

4. ESTATES OF DECEDENTS—SPECIFIC PERFORMANCE—PROBATE EXPENSES.

Decree awarding plaintiffs 120-acre farm in specific performance suit against heirs-at-law and administrator of estate of deceased promisor under oral contract to convey farm to plaintiffs is modified to subject conveyance to plaintiffs to payment of such probate costs and charges as may properly be allowed and which cannot be met by other assets, where a testamentary devise would have subjected the property to such expenses.

5. COSTS—MODIFICATION OF DECREE—PROBATE EXPENSES.

No costs are allowed in suit for specific performance of deceased's oral contract to convey property to plaintiffs, where decree for plaintiffs is modified to subject the conveyance to allowed expenses of probating deceased's estate.

Appeal from Tuscola; Quinn (Timothy C.), J. Submitted April 5, 1960 (Docket No. 14, Calendar No. 48,013.) Decided June 7, 1960.

Bill by Kazmier Szarapski and Stella Szarapski against Ludwig Maciuk, Pauline Piotrowska, and Louis Wechsler, as administrator of the estate of Bruno Maciuk, deceased, for specific performance of oral contract to convey real estate. Decree for plaintiffs. Defendant administrator appeals. Affirmed with modification to require plaintiffs to pay any deficiency in expense of probate proceedings.

*Kern & Kern* (*Roland O. Kern,* of counsel), for plaintiffs.

*Donald E. McAleer,* for defendant Wechsler, administrator.

Carr, J.  Plaintiffs instituted this suit in circuit court for the purpose of obtaining specific performance of an alleged oral agreement for the conveyance of certain farm lands in Tuscola county.  The defendants are the brother and sister, sole heirs-at-law, and the administrator of the estate, of Brunoslaw Maciuk, also known as Bruno Maciuk, who was a single man.  The administrator entered his appearance on behalf of the estate and contested plaintiffs' right to the relief sought.  The other defendants, both of whom are residents of Europe, have not taken any part in the litigation.

The bill of complaint filed in the cause averred that plaintiffs came to this country and lived in the city of Detroit from 1923 to 1930.  During such period they knew Mr. Maciuk and apparently were on very friendly relations with him.  In 1930 they purchased a farm in Tuscola county which they subsequently lost as the result of a fire and the foreclosure of a mortgage.  Thereafter they were tenants on various farms in the vicinity.  They further averred that during said period of time Mr. Maciuk frequently visited them and in 1942 suggested that plaintiffs endeavor to find a farm for themselves, saying that he would help them pay for it.  It was further averred that he desired a place to which he could retire in his old age, that he wanted plaintiffs to treat the farm as their own, to work and to improve it, and that he promised that he would give them his interest in it so that the property would eventually be theirs.

It is the claim of plaintiffs that they acted on the request of Mr. Maciuk and that the result was the purchase of 120 acres of land, constituting the farm in question here, the deeds of conveyance naming Mr. Maciuk as grantee. On behalf of plaintiffs it was claimed in the trial court that they made some payments on the purchase price of the farm and that since its acquisition they have occupied it with their family and have expended considerable sums of money in improvements. It was further asserted that Mr. Maciuk came frequently to the farm and knew what they were doing, and that they were acting pursuant to, and in acceptance of, his promise that the farm eventually would be theirs. It is conceded that no instrument of conveyance was executed by Mr. Maciuk nor was there any agreement in writing with reference thereto.

Mr. Maciuk died intestate on September 13, 1955, without having divested or encumbered the legal title to the farm. Plaintiffs claimed in their pleading that they were entitled to the performance of the agreement made between the parties on the theory that they had fully performed their part of the bargain. Defendant administrator filed answer to the bill of complaint denying the existence of any enforceable agreement as claimed by plaintiffs and asserting that they were not entitled to the relief sought. On the hearing of the cause proofs were offered by the parties and decree was entered in favor of the plaintiffs, the trial judge concluding that the existence of the agreement as claimed by them had been established by competent proof and that they had fully performed their undertakings thereunder. The decree entered declared the premises in question to be the property of the plaintiffs in fee simple and required defendants to execute a sufficient deed of conveyance thereof, subject in form to the approval of the court, with the usual provision that plain-

tiffs might cause the decree, or a certified copy thereof, to be recorded in the office of the register of deeds of the county. From such decree the administrator has appealed.

The primary question for determination is whether the agreement claimed by plaintiffs was established by competent proof, and was fully performed by them. The details with reference to the purchase of the property in the name of Mr. Maciuk were not in dispute. One of the parties from whom the farm was acquired was a witness on the trial, testifying that when the transaction was closed, plaintiff Stella Szarapski and Mr. Maciuk were present with a real-estate salesman. The following excerpts from the testimony of said witness indicate her recollection as to what was said at the time:

"*Q.* What did you say?

"*A.* Well, I ask why you bought this place and say he bought for Mr. and Mrs. Szarapski and for these children.

"*Q.* Was Mr. or Mrs. Szarapski there when he said that?

"*A.* Yes.

"*Q.* Do you know whom the money came from? Do you know who paid the money?

"*A.* I saw that from Mrs. Szarapski and Mr. Maciuk altogether.

"*Q.* You got money from them both?

"*A.* Yes, both.

"*Q.* Do you remember how much you got from the Szarapski's?

"*A.* From Mrs. Szarapski?

"*Q.* Yes.

"*A.* Well, I think $400.00.   *   *   *

"*A.* How much is paid for this farm. I sell them this farm. I stand for a witness. You know this man something. I told him yes. He told me, he said 'I bought this farm for these people.' I told him, 'Why you no live?' He says, 'Maybe I would

someday come live with these people. Pretty good people.'

"*Q.* Is that what you told Mr. Kern?

"*A.* No, I told you.

"*Q.* I am asking what you told Mr. Kern about the price of property, what Mr. Maciuk said then, did you tell him that?

"*A.* Yes, I told him.

"*Q.* Do you know, did Mr. Maciuk say anything about when he was going to give the farm to these people?

"*A.* I don't know. He say it was bought for these people."

Plaintiffs' witness Joseph Golasa stated that he talked with Mr. Maciuk shortly before the latter's death with reference to transferring the title of the farm to the plaintiffs. In part, Mr. Golasa's testimony was as follows:

"*Q.* Mr. Golasa, you say about a day before he died he did say he wanted to get straightened out on the property?

"*A.* That's right.

"*Q.* And you said 2 months before he was thinking about assigning it over to them.

"*A.* Two days before he died.

"*Q.* He still considered it his?

"*A.* Yes, but still he knows it got to be transferred, and he postponed it.

"*Q.* He never did transfer it, did he?

"*A.* He told me several times the farm is theirs, 'I bought the farm for them,' several times. He told me 'What I want that farm for?'

"*Q.* But he never did transfer it?

"*A.* No, he don't transfer, I guess not."

Other witnesses, including the real-estate salesman above referred to and the son of the plaintiffs, also testified as to statements made by Mr. Maciuk to the effect that he was buying the farm for the Szarapskis, and that he intended to give it to them when he got

through with it.   Such testimony is not disputed
by competent proof.   It further appears that pursu-
ant to the agreement made between themselves and
Mr. Maciuk the plaintiffs left the farm that they had
been occupying as tenants, that they moved to the
premises in question here with their family, that
they worked the farm and made improvements, that
Mr. Maciuk frequently came to the farm, remain-
ing there as long as he wished, and that they carried
out their part of the agreement in reliance on the
promise made to them by Mr. Maciuk that he would
transfer title to them and that the farm would be
their property.   It sufficiently appears from the
proofs that they expended time, labor and money in
the expectation that they and their children would
own the farm pursuant to the understanding of the
parties.   The detriment sustained by them in carry-
ing out their part of the agreement was a sufficient
consideration to support such agreement.   The trial
court was not in error in finding that the claimed un-
dertaking of the parties with reference to the farm
had been established and that it had been fully per-
formed by plaintiffs.   Such result is in accord with
prior decisions of this Court under like circum-
stances, including *Applebaum* v. *Wechsler,* 350 Mich
636.   See, also, *Kendzierski* v. *Kendzierski,* 293 Mich
701.

On the hearing of the cause in the trial court plain-
tiff Stella Szarapski was a witness, testifying with
reference to various matters involved in the contro-
versy.   Over objection of counsel for the adminis-
trator, she testified to certain improvements claimed
to have been made by plaintiffs on the farm and also
as to the payment of taxes.   The objection made was
based on the claim of counsel that such acts, if done,
were equally within the knowledge of Mr. Maciuk
and, hence, that Mrs. Szarapski, being an opposite
party in interest to the estate, was not a competent

witness thereto under the provisions of CL 1948, § 617.65 (Stat Ann § 27.914).

The burden of showing that the making of the improvements by plaintiffs was within the knowledge of Mr. Maciuk rested on defendant administrator. *Noonan* v. *Volek,* 246 Mich 377, 382. The conclusion is indicated that some of the improvements were within his knowledge. *In re Dolgy's Estate,* 338 Mich 567, 575. Counsel for the administrator also objected to testimony by Mrs. Szarapski with reference to payments made in connection with the purchase of the farm. It appears that the making of such payments was within the knowledge of Mr. Maciuk and for such reason the testimony was not admissible. However, the matter of the payments is not of controlling significance in the case. It may be said also that incompetent testimony with reference to improvements on the property does not affect the result. The making of such improvements was clearly shown by the testimony of other witnesses. It does not appear from the opinion of the trial judge that he gave consideration to incompetent testimony of Mrs. Szarapski to which objection was interposed, and it is disregarded in the determination of the case on appeal.

It does not appear that Mr. Maciuk at the time of his death owned property other than the farm in question here, with the exception of about $270 in cash. The record does not show that such money is in the hands of the administrator at the present time, or that any means are available for the payment of the expenses of the pending probate proceeding other than the real estate to which Mr. Maciuk held the legal title at the time of his death. It is, we think, obvious under the proofs that if he had performed his agreement by executing a will leaving the farm to plaintiffs such action would have constituted full and complete performance of his contractual under-

taking. That, however, he did not do, and this suit was brought on the basis that the farm was a part of the estate. For such reason the administrator was made a party defendant.

The decree entered in circuit court does not in specific terms cover the situation presented. It should be modified by incorporating therein a provision that the conveyance of the farm to plaintiffs is subject to the payment of such probate costs and charges as may be properly allowed in that proceeding and which cannot be met by recourse to other assets. Had the property been left to plaintiffs by testamentary devise it does not appear that any valid reason would exist from a legal standpoint to bar resort thereto for the necessary costs and expenses incurred in the probate proceeding in which appellant was appointed as administrator.

Subject to modification in the respect indicated, the decree of the trial court is affirmed. In view of the situation indicated by the proofs, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.