**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 04a0057n.06
Filed: October 29, 2004

Nos. 03-1314, 03-1317

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MILTIMORE SALES, INC.,            )
                                 )
     **Plaintiff-Appellee/**         )
     **Cross-Appellant,**        )     **ON APPEAL** FROM THE
                                 )     UNITED STATES DISTRICT
v.                            )     COURT FOR THE EASTERN
                                 )     DISTRICT OF MICHIGAN
INTERNATIONAL RECTIFIER,     )
INC.,                           )
                                 )     **O P I N I O N**
     **Defendant-Appellant/**     )
     **Cross-Appellee.**       )
                                 )

**Before: MOORE and CLAY, Circuit Judges; HAYNES,** [*] **District Judge.**

**KAREN NELSON MOORE, Circuit Judge.** The defendant, International Rectifier, Inc. ("IRI"), appeals an award of damages to the plaintiff, Miltimore Sales, Inc. ("MSI"), for breach of contract and violation of the Michigan Sales Representative Commission Act ("MSRCA"), MICH. COMP. LAWS § 600.2961. On appeal IRI raises various claims based on alleged trial errors and insufficiency of the evidence. MSI cross-appeals asserting that the damages judgment was inconsistent with the jury's verdict. For the reasons stated below, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

# I.  BACKGROUND

IRI is a corporation that supplies electrical components to the automotive industry.  MSI provides sales representation within the automotive industry.  On January 3, 1994, the two parties entered into a written contract under which MSI agreed to act as IRI's exclusive sales agent in lower Michigan in exchange for an agreed upon sales commission.  The written agreement specified that California law would govern its interpretation and that the agreement would last for two years unless renewed by IRI in writing thirty days prior to its expiration.  IRI renewed the contract once, and thus it was set to expire on January 3, 1998.

Prior to January 3, 1998, the parties met to discuss terms for their continued contractual relations.  Following negotiations, representatives of the two parties agreed that the sales commission paid to MSI would be reduced by forty percent and that in exchange IRI would pay MSI $2.5 million in compensation for past investment expenses.  The parties also agreed to increase the length of time over which commissions could be paid.  Instead of MSI's right to commissions expiring 180 days after the termination of the relationship between IRI and MSI, as agreed upon in the original written contract, MSI would now be entitled to "life of the part" commissions.  This meant that even after IRI terminated its relationship with MSI it would be obligated to pay commissions to MSI on the sales of parts to customers whose business as to those parts MSI had originally procured.

On January 22, 1999, IRI informed MSI that IRI was terminating their relationship and that IRI would pay commissions to MSI only under the terms of the now-expired written contract.  In June 1999, MSI filed a complaint against IRI in district court alleging, inter alia, breach of contract and violation of the MSRCA.  Following the trial, the jury returned a verdict in favor of MSI,

2

finding that an oral contract between the parties had been formed which IRI breached by failing to pay MSI for investment expenses and "life of the part" commissions. The jury also found that IRI violated the MSRCA by intentionally failing to pay these commissions. IRI then filed a timely appeal, and MSI filed a timely cross-appeal.

## II. ANALYSIS

### A. IRI's Claims on Appeal

IRI presents numerous arguments on appeal but asserts two general claims: first, that it is entitled to a new trial as a result of trial error committed by the district court; and second, that there was insufficient evidence for the jury to find that IRI breached its contract with MSI or violated the MSRCA.

#### 1. Claim That District Court Made Legal and Evidentiary Errors

IRI contends that the district court made various legal and evidentiary errors for which it is entitled to relief, including that the district court erred: (1) in applying Michigan law to the case instead of California law; (2) in ruling that the contract claim was not barred by the statute of frauds; (3) in its instructions to the jury on contract law; and (4) in precluding IRI from using MSI's First Amended Complaint to impeach MSI witnesses, along with various other evidentiary rulings. None of these claims, however, warrant reversal of the district court's decision.

First, the district court was correct in ruling that Michigan law governs the present suit. A federal court sitting in diversity applies the choice of law rules of the forum state. *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir.), *cert. denied*, 525 U.S. 810 (1998). While Michigan permits contractual choice of law provisions, the written contract specifying California law as governing expired on January 3, 1998. Therefore, the district court properly determined that Michigan law applied in this

3

case.

Second, MSI's contract claim is not barred by the statute of frauds. The statute of frauds only requires that all contract modifications which lack consideration be in writing and bars oral agreements that cannot be performed within one year. MICH. COMP. LAWS § 566.1; § 566.132(1)(a). The parties' oral agreement was not a modification of the written contract. It was a separate agreement that took effect after the written contract expired. The oral contract also lacked a completion date and thus does not implicate the statute of frauds' bar against oral agreements longer than one year. *See Rowe v. Montgomery Ward & Co.*, 473 N.W.2d 268, 271 (Mich. 1991) ("oral contracts for an indefinite term . . . fall outside the statute of frauds").

Third, the district court properly instructed the jury as to the need for an expression of consent and consideration for the formation of a contract. The district court's jury instructions did not misstate Michigan law and thus do not qualify as "confusing, misleading and prejudicial" in a manner that would lead this court to reverse the judgment. *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000).

Fourth, the district court did not abuse its discretion in declining to allow IRI to use MSI's First Amended Complaint to impeach MSI witnesses. *See Hancock v. Dodson*, 958 F.2d 1367, 1371 (6th Cir. 1992) (noting that this court reviews evidentiary determinations for abuse of discretion). This is particularly true because the record indicates that the court allowed IRI to use the complaint to bolster one of its witnesses' testimony and impeach MSI's financial expert. IRI's argument that the district court erred in permitting various MSI witnesses to testify and in permitting MSI to impeach an IRI witness using prior inconsistent statements similarly must fail. None of the district court's evidentiary rulings raised by IRI on appeal represent an abuse of the court's discretion.

Therefore, IRI is not entitled to a new trial or remittitur.

## 2. Claims That Jury Verdict was Based on Insufficient Evidence or Against the Weight of the Evidence

IRI's appeal raises various claims relating to the sufficiency of the evidence, including: (1) that there was insufficient evidence to support a breach of contract claim; (2) that there was insufficient evidence upon which a jury could find that IRI violated the MSRCA; and (3) that the jury's award to MSI of damages for past investments and "life of the part" commissions was against the great weight of the evidence. None of these claims, however, lead this court to disturb the jury verdict.

Where a conflict exists in the parties' evidence as to whether a new contract was formed or a previous contract continued to govern, that issue is factual and properly resolved by a jury. *See Ferries v. Copco Steel & Eng'g Co.*, 73 N.W.2d 850, 852 (Mich. 1955). The evidence supported the jury's factual findings, and the law supported the legal conclusion that an oral contract had been created in light of those facts. Despite IRI's claims on appeal, there was sufficient evidence in the record of both adequate consideration and a meeting of the minds. The parties' agreement under which IRI agreed to pay MSI a set commission rate in exchange for MSI's continued sales representation qualifies as consideration. *Dolgy's Estate v. Polate*, 61 N.W.2d 649, 652 (Mich. 1953) ("An agreement to render services is a good consideration for a promise to pay for past services as well as those about to be rendered") (citation omitted). The jury was also presented with sufficient objective evidence of meetings and telephone conversations between representatives of both parties from which a meeting of the minds could be inferred. *See generally Rood v. Gen. Dynamics Corp.*, 507 N.W.2d 591, 598 (Mich. 1993) (noting that to determine mutual assent the court asks "whether a reasonable person could have interpreted the [parties'] words or conduct in

5

the manner that is alleged"). Thus, IRI's claim that the jury's finding of an oral agreement was not supported by sufficient evidence must fail.

IRI's claim that there was insufficient evidence of an MSRCA violation must also fail. Under the MSRCA, a principal is liable if it "deliberately fails to pay a commission when due . . . even if the principal did not believe, reasonably or otherwise, that the commission was owed." *In re Certified Question*, 659 N.W.2d 597, 600 (Mich. 2003). During trial, MSI presented evidence showing that IRI deliberately failed to pay commissions owed under the parties' oral agreement and that this failure was not based on clerical error or IRI oversight. Therefore, there is sufficient evidence upon which the jury could have determined that IRI violated the MSRCA.

Finally, IRI argues that the calculation of damages is against the great weight of the evidence. The testimony of MSI's financial expert, if believed by the jury, presented sufficient evidence to sustain the jury award of $2,307,166 for past investment expenses. Additionally, IRI offers no testimony or evidence in support of its allegation that the $455,573 awarded for "life of the part" commissions is against the weight of the evidence. Thus, IRI's arguments as to miscalculation of damages must fail.

**B. MSI's Cross-Appeal**

MSI contends on cross-appeal that district court erred by awarding a fixed sum for "life of the part" commissions. MSI asserts that it is entitled not only to commissions from the date of breach through the trial, but also to future commissions that have yet to accrue. Thus, MSI now seeks to amend the judgment under FED.R.CIV.P. 60(a).

We agree with MSI that from the record it appears that the damages judgment did not fully reflect the jury verdict. Rule 60(a), however, is meant to correct clerical errors in the judgment.

6

*Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.), *cert. denied*, 537 U.S. 885 (2002). The rule does not allow courts to "correct an error of substantive judgment." *Id.* (citation omitted). Thus, we cannot make the substantive change to the district court judgment which MSI seeks. Our holding, however, does not prevent MSI from pursuing damages for commissions earned after the jury's verdict through further litigation when such future commissions accrue.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.