# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

STACIE B. PRICE,

      Plaintiff-Appellant,

v

GARY L. PRICE,

      Defendant-Appellee.

UNPUBLISHED
April 17, 2018

No.  337171
Midland Circuit Court
LC No.  15-002336-DM

Before:  O'BRIEN, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right from her judgment of divorce challenging the inclusion of the marital home as a marital asset subject to division.  We affirm.

## I.  FACTS

Clarence Bunnel, plaintiff's father, purchased a 59-acre parcel of land, intending to build a house for himself and his wife that would eventually be passed on to his two granddaughters. However, Bunnel's wife died within six months of the purchase.  Thereafter, Bunnel intended that plaintiff and defendant would live in the home and, upon their death, pass the property to their daughters (Bunnel's granddaughters).

Bunnel testified that, while defendant was out of work, he helped oversee construction of the house.  Bunnel paid for childcare for the children while defendant worked on the property, but did not pay defendant for his work.  To fund the construction, Bunnel opened a bank account in his, plaintiff's, and defendant's names so that everything was managed from one account. Only Bunnel deposited funds into the account.

The record indicates that construction of the home was a "team effort."  Defendant was apparently on site working every day and performed considerable work on the house and surrounding property.  Construction on the home ended in 2012, and on October 25, 2012, Bunnel quitclaimed his interest in the property to plaintiff.  In December 2012, plaintiff, defendant, and their two daughters moved into the house.

Plaintiff and defendant made accommodations and alterations to the home after moving in.  Plaintiff also took out a mortgage on the home in her name, but defendant, as her husband, was required to sign the paperwork.  Plaintiff used the mortgage funds to pay for work on the

house, outstanding bills for materials, and to pay off vehicle loans for her and defendant. During the marriage, the parties pooled their monies and used their joint resources to pay all the bills; both were "kind of" in charge of finances. However, when plaintiff lost her job in 2014, defendant became employed to support the family. Although plaintiff became reemployed within a month and again began contributing to the mortgage payments and family bills, defendant continued depositing his paychecks into their joint account, made mortgage payments, and paid the bills for the next six months. Plaintiff filed for divorce on January 27, 2015.

At trial, plaintiff requested that the trial court award her the home, whereas defendant requested 50% of the home's equity. The trial court concluded that the home was marital property subject to division because defendant "contributed to the marital home" by working on it; plaintiff and defendant lived together in the home for two years; and defendant paid for the expenses of the home for six months. The court found that the parties "comingled funds to build and maintain the home." The court further concluded that, even if the home was to be considered separate property, it would be subject to invasion because defendant extensively improved the property.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court clearly erred in finding that the home was a marital asset subject to equitable division as part of the property settlement of the parties' divorce. This Court reviews a trial court's findings of fact, which includes whether a particular asset qualifies as marital or separate property, for clear error. *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 68 (2010). Findings of fact are clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*.

Plaintiff contends that the home is not marital property, but rather separate property not subject to invasion. Marital assets are those that came "to either party by reason of the marriage." MCL 552.19. Commonly, assets earned or garnered (unless kept separate) by a spouse during the marriage are properly considered part of the marital estate. *Skelly v Skelly*, 286 Mich App 578, 582; 780 NW2d 368 (2009). Generally, marital assets are subject to division between the parties, but the parties' separate assets are not. *McNamara v Horner*, 249 Mich App 177, 182-183; 642 NW2d 385 (2002). Separate assets are generally earned or obtained before the marriage. *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). The fact that a couple holds property jointly or individually is not dispositive of whether the property is classified as separate or marital property. *Korth v Korth*, 256 Mich App 286, 292–293, 662 NW2d 111 (2003).

Here, the property was acquired during the course of the parties' marriage. The parties lived in the home with their children from the time the home was completed until these proceedings were initiated. Plaintiff testified that she took out a mortgage on the property and her husband signed mortgage application documents. She stated that the money from the mortgage on the property was used to pay off both parties' credit cards, vehicle loans, and other expenses incurred from the construction and improvement of the home. The trial court found that the parties commingled their salaries to accomplish what plaintiff testified was a joint goal of finishing the home to accommodate their family's needs, making payments on the mortgage,

and living in the home together. These facts tend to establish that the home was marital property used and encumbered upon for the benefit and enjoyment of both parties—not just plaintiff.

Plaintiff contends that this Court should look to Bunnel's intent in transferring the property to plaintiff as proof of the property's separate nature. However, she cites no binding caselaw for the proposition that, in a divorce proceeding, the intent of a non-party transferor is relevant to the determination of whether property is marital or separate. To the contrary, "[t]he actions and course of conduct taken *by the parties* are the clearest indicia of whether property is treated or considered as marital, rather than separate, property." *Cunningham*, 289 Mich App at 209 (emphasis added); see also *Polate v Polate*, 331 Mich 652, 654-655; 50 NW2d 190 (1951). Indeed, even separate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and "treated *by the parties* as marital property." *Pickering v Pickering*, 268 Mich App 1, 10-12; 706 NW2d 835 (2005) (emphasis added). Therefore, regardless of Bunnel's intent, the record indicates that defendant and plaintiff lived in the home with their daughters, commingled their salaries at points to finish the home to their unique specifications, managed marital funds together by obtaining a mortgage on the property to service their separate and collective marital debts and pay for materials and services for the home, and defendant made mortgage payments in 2014 on the property. Given this evidence, the trial court was correct to find that the property lost any separate character it may have had when transferred by Bunnel in 2012. Because we conclude that the trial court correctly found that the home was marital property, we need not address whether the trial court correctly concluded in the alternative that, even if the home was separate property, it would nonetheless be subject to invasion by defendant.[1]

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens

---

[1] To the extent that plaintiff argues that the trial court clearly erred in awarding defendant half the equity in the home, we disagree. Plaintiff argues that the home only increased $44,684 in equity from the time that the land was bought until the parties' divorce, so defendant should only be entitled to, at most, that amount. However, because the home was a marital asset, the trial court was not limited to calculating the portion of the equity to which defendant was entitled based on the appreciation of the property. The trial court provided its calculations for how it reached the amount of this marital asset to which defendant was entitled based upon its extensive findings under division of property factors that it deemed could be relevant in understanding the parties' relationship and dispute. Under such circumstances, we do not conclude that the trial court clearly erred.