SCHAFER, Appellant, vs. SCHAFER, Respondent.

*January 9—February 4, 1958.*

For the appellant there was a brief by *Kersten & McKinnon* of Milwaukee, and oral argument by *Charles J. Kersten*.

For the respondent there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

CURRIE, J. At the time of trial Mrs. Schafer was forty-eight and Mr. Schafer fifty-six years of age and the parties resided in Pewaukee in Waukesha county. The parties were married in 1927 and have four children, all of whom are adults and self-supporting. Mr. Schafer has been employed by the United States post-office department as a rural mail carrier since 1921 and his present annual compensation is $4,545 per year. During the past thirty-two years he has

made contributions out of his salary to the federal civil-service retirement and disability fund (hereinafter referred to as the "retirement fund").

Mrs. Schafer has been gainfully employed on a part-time basis during most of the married life of the parties, and presently has a gross income of $1,800 per year from an insurance business which she has conducted out of the home. Her earnings have been used for family living expenses, for educating the children, to help retire a $3,000 mortgage against the homestead, and to purchase endowment life insurance for the children. Without Mrs. Schafer's earnings it would have been impossible to have provided the four children with the college education which they received.

At the time of the marriage Mr. Schafer owned an interest in a building lot in Milwaukee county which he sold in 1952 for $5,000. Mrs. Schafer's assets at the time of marriage consisted of stock of the value of $60, cash in the sum of $250, and a piano. At the time of trial the assets of the parties, exclusive of Mrs. Schafer's separate estate, and their values were as follows:

| | |
|---|---:|
| Homestead | $17,800.00 |
| Household furniture | 750.00 |
| Garden tractor | 275.00 |
| Net value of government life insurance policy on the life of Mr. Schafer | 1,500.00 |
| Cemetery lots | 600.00 |
| Cash | 516.62 |
| Total value: | $21,441.62 |

In addition to the above-enumerated assets there were some small tools, a 1931 Chevrolet, and a 1948 Kaiser automobile, the record being silent as to their value. It would also seem that the insurance business being conducted by

Mrs. Schafer is an asset which has a good-will value. Such value also was not established by the record.

The interest of Mr. Schafer in the retirement fund has no realizable cash surrender value unless he separates himself from the postal service. No value was attempted to be placed thereon. As of November 30, 1956, Mr. Schafer's contributions over a thirty-two-year period to such fund aggregated $4,065.08. At his then age of fifty-six he was eligible to retire and receive an annuity payable at the rate of $240 per month, but if retirement took place at age sixty this annuity would yield an income of approximately $277 per month. The debts and liabilities of the parties aggregated $5,333.25.

Mrs. Schafer was injured in an automobile accident in 1949 and received $5,235.29 net over and above attorney fees in settlement therefor. This sum was deposited in a bank and impounded by order of the court after commencement of the divorce action. Later an order was entered permitting Mrs. Schafer to withdraw part of such sum with which to purchase a 1956 Hudson automobile leaving a cash balance in such account of $3,235 at time of trial. During the pendency of the action Mrs. Schafer also surrendered a policy of life insurance which she owned and received $232.16 therefor. Thus her separate estate at time of trial consisted of the Hudson car and the two cash items of $3,235 and $232.16, which the judgment properly awarded to her.

In addition, Mrs. Schafer was awarded $5,000 in cash by the judgment, which sum Mr. Schafer was required to pay her. The items of property hereinbefore enumerated having a value of $21,441.62, together with the two old automobiles and the small tools, were awarded to Mr. Schafer and he was required to pay the $5,332.25 of debts of the parties. Mrs. Schafer was also given the option of acquiring the household furniture for the stipulated value of $750, and an

exercise of such option by her would reduce the cash payment she was to receive from $5,000 to $4,250. The court specifically found that it was impossible to make a division of property in lieu of alimony, and the judgment directed Mr. Schafer to pay alimony of $50 per month.

It is apparent, in viewing the property division as a whole, that the trial court gave no weight to the factor of Mr. Schafer's interest in the retirement fund. The most important issue presented on this appeal is whether such interest in this retirement fund should have been taken into account in making the property division. The briefs of the parties present no authorities on this issue, and we have been unable to discover any by independent research.

In *Gauger v. Gauger* (1914), 157 Wis. 630, 633, 147 N. W. 1075, in considering the fraction of the total estate of the parties to be awarded in making a property division in a divorce judgment, it was declared, "it has been pretty well established that a clear third of the whole is a liberal allowance to the wife, subject to be increased or decreased according to special circumstances." This rule enunciated in the *Gauger Case* was recently approved by this court in *Hull v. Hull* (1956), 274 Wis. 140, 79 N. W. (2d) 653. If Mr. Schafer's interest in the retirement fund is to be wholly ignored in making the property division, there was no abuse of discretion on the part of the trial court in making the property division between the parties here. This is because independently of the husband's interest in the retirement fund the wife was roughly awarded one third of the net estate. However, in view of the long married life of the parties and the many thousands of dollars of earnings which Mrs. Schafer contributed to the support of the family, we deem this to be a proper case in which a somewhat more generous award to the wife would have been warranted.

While it is true that the husband's interest in the retirement fund by its very nature is an asset that is incapable of

division by the court between the parties so as to award the wife a portion thereof, nevertheless, we consider that its value should have been ascertained and taken into account by the trial court in making the division of estate. We realize that such interest in the retirement fund is one that is very difficult to value. On the one extreme we have an investment cost to Mr. Schafer spread over a thirty-two-year period of $4,065.08. In contrast to this is its value as a presently realizable annuity. At the time of trial he was eligible to retire and receive an annuity for life of $2,880 payable at the rate of $240 per month. According to the American Experience five per cent annuity table set forth in sec. 314.06, Stats., such annuity would have a value of approximately $29,000 at Mr. Schafer's age of fifty-six at time of trial. This value of $29,000 may be too high because apparently Mr. Schafer has no present intention of retiring. Until he retires, he will receive no income therefrom. Nevertheless, viewed from the standpoint of providing future financial security to Mr. Schafer it has an intrinsic value at least as great, if not greater, than would be provided to the wife if she were to be awarded the homestead. Where an asset such as this interest in a government retirement fund has no market value, its intrinsic value may have to be determined as best the court can in order to do justice between the parties.

We are inclined to agree with the trial court that in view of all the facts of this case, including Mrs. Schafer's separate estate and the gross income of $1,800 per year she is realizing from her insurance business, that a division of property in lieu of alimony is desirable. Because we are of the opinion that there was an abuse of discretion in not taking the value of Mr. Schafer's interest in the retirement fund into account in making the property division, the cause must be remanded to enable the trial court to make a proper division of estate. Upon such remand we recommend that, unless counsel for the parties stipulate the values as of the date of trial of the

interest in the retirement fund, the good will of the insurance business, the two cars of the husband, and of the small tools, additional testimony be taken to establish such values.

We find no abuse of discretion in the award of the $50 per month alimony to the wife and the requirement that the husband contribute $500 to the attorney fees of the wife's counsel. Counsel for Mr. Schafer does not question the reasonableness of the fee charged by the lawyer who represented Mrs. Schafer at the time of trial. Different counsel represent her on this appeal. We, however, reverse the award of alimony as well as the property division so that the trial court can exercise its discretion as to whether any alimony should be awarded in case the court should be of the opinion that the new division of estate to be made renders it advisable to dispense with alimony.

The brief in behalf of Mr. Schafer raises the issue that Mrs. Schafer is entitled to no consideration on this appeal because of alleged wilful contempt on her part in failing to comply with the commands of the judgment and a subsequent order of the court. The judgment rendered June 13, 1957, directed Mr. Schafer to make the $5,000 cash payment to Mrs. Schafer within ninety days, at which time she was required to vacate the homestead. She refused to accept the $5,000, whereupon he deposited the same with the clerk of court, and instituted proceedings before the court to have a time fixed within which she be required to vacate the homestead. The court, after conducting a hearing on such application, entered an order on August 16, 1957, requiring Mrs. Schafer to yield possession of the homestead within thirty days thereafter. She has neither complied with such order nor made any application for a stay pending appeal.

In *Flakall Corp. v. Krause* (1955), 269 Wis. 310, 70 N. W. (2d) 8, this court dismissed the appeal of appellants who were in contumacious contempt of the injunctional provisions of the judgment appealed from. We deem that to

enforce such a rule in the instant case would inflict too harsh a penalty upon Mrs. Schafer. Furthermore, we are not satisfied that her failure to yield possession of the homestead was contumacious. It may have been due to a mistaken belief that her appeal automatically stayed the operation of the judgment and the subsequent order requiring her to vacate the home. Counsel for Mrs. Schafer should have made application for a stay pending appeal, which they failed to do. In view of the scanty record on this issue of contempt we express no conclusion with respect thereto. Nothing in this opinion should be construed as preventing counsel for Mr. Schafer raising such contempt issue before the trial court upon remand of the record.

*By the Court.*—Those portions of the judgment which make a division of estate and award alimony are reversed, and the cause remanded for further proceedings not inconsistent with this opinion.