134 N.J. Super. 512 (1975)
342 A.2d 226
MARY ANN PELLEGRINO, PLAINTIFF-APPELLANT,
v.
ALBERT J. PELLEGRINO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1975.
Decided June 9, 1975.
*513 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Messrs. McDonough, Murray & Korn, attorneys for appellant.
Messrs. Ryan, Foster & Garofalo, attorneys for respondent (Mr. Robert C. Garofalo, on the brief).
The opinion of the court was delivered by LEONARD, P.J.A.D.
The parties were married on September 10, 1955. On October 19, 1972 plaintiff wife filed a complaint for divorce seeking, among other things, equitable distribution of all real and personal property. Although the matter was originally contested, defendant withdrew his opposition thereto and plaintiff submitted uncontested proof of her divorce action. Additionally, the parties agreed upon an equitable distribution of their property, with the exception of plaintiff's interest, if any, in a pension plan held by defendant as a fireman in the Town of Bloomfield. That issue, by the terms of the judgment of divorce dated July 27, 1973, was "reserved for further hearing."
On April 4, 1973 a hearing was held at which the parties stipulated that defendant (presently 45 years of age) was employed as a fireman in Bloomfield from 1962 to the date of the hearing. Both he and his employer contributed to a pension plan. Thereafter, with the consent of the parties, defendant obtained and filed a letter from the Department of Treasury, Division of Pensions, which indicated that as of October 1972 (when the complaint herein was filed) defendant's pension contribution was $5917.26 and that "These *514 monies are returnable to the member should he resign or be dismissed prior to qualifying for a benefit."
The trial court determined that plaintiff was not entitled to participate in the funds contributed by defendant because there had been "no vesting" thereof in him since he had not either resigned or been dismissed. An appropriate judgment was entered and plaintiff appeals.
On this appeal, plaintiff, pursuant to N.J.S.A. 2A:34-23, seeks an equitable distribution of the sum of $5917.26 contributed by defendant to the pension plan. She asserts that this sum was "legally and beneficially acquired by them or either of them during the marriage."
At the outset we specifically note that plaintiff seeks an equitable distribution of defendant's contribution to the pension plan. She does not seek a distribution of the ultimate sum to be paid to defendant upon retirement.
N.J.S.A. 43:16A-1 et seq. (Police and Firemen's Retirement System) governs all of the rights and obligations of municipal firemen with respect to contributions, retirement and pensions. The following statutory definitions and distinctions are material to the issue herein involved:
"Aggregate contributions" shall mean the sum of all the amounts, deducted from the compensation of a member or contributed by him or on his behalf, standing to the credit of his individual account in the annuity savings fund. [N.J.S.A. 43:16A-1(10)]
"Annuity" shall mean payments for life derived from the aggregate contributions of a member. [(11)]
"Pension" shall mean payments for life derived from contributions by the employer. [(12)]
"Retirement allowance" shall mean the pension plus the annuity. [(13)]
In the event any member fireman resigns or is dismissed from his position before retirement he shall be entitled to the repayment of his "aggregate contribution." If he dies before withdrawing the same, then it shall be paid to his designated beneficiary. N.J.S.A. 43:16A-2 and 16A-11.
Additionally, a member may retire in accordance with any of the following plans: "service"  voluntary at age 55 years *515 and mandatory at age 65 years (N.J.S.A. 43:16A-5); "ordinary disability"  under 55 years with 5 years of creditable service (N.J.S.A. 43:16A-6); "accidental disability" (N.J.S.A. 43:16A-7); "special"  after 25 years of creditable service but before attaining the age of 55 years (N.J.S.A. 43:16A-11.1), and "deferred"  after 15 years of creditable service but before reaching the age of 55 years (N.J.S.A. 43:16A-11.2). In each of the above instances the member, upon retirement, receives a service "retirement allowance" which includes "an annuity which shall be the actuarial equivalent of his aggregate contributions" (emphasis supplied) plus his pension which varies in amount in each of the above situations.
Further, upon the death of a member who has retired under any of the above plans, provision is made for the payment of a specified sum to the deceased member's beneficiary which is based in part upon the contributions made by him. Likewise, if a member dies during active service, there is paid to his beneficiary or to his widow, children or parent, as the case may be, a sum which again is made up in part by all or a portion of his contributions. N.J.S.A. 43:16A-9 and 10.
Under the above cited statute defendant (or his beneficiary) has the absolute right to the repayment of his contributions either directly or as part of his retirement benefits (or as a death benefit). Thus, since defendant has a present fixed right to the future enjoyment of the contributions paid by him, even though the date of that enjoyment be uncertain, his interest therein is vested. Cf. Montclair Nat'l Bank v. Seton Hall College of Med., 96 N.J. Super. 428, 435 (App. Div.), certif. den. 50 N.J. 301 (1967). As to the distinction between an employee's interest in his retirement allowance and in the contributions made by him, see Phillipson v. Bd. of Admin., 3 Cal.3d 32, 89 Cal. Rptr. 61, 473 P.2d 765, 770, n. 8 (Sup. Ct. 1970).
We are mindful of our Supreme Court's suggestion that the concept of "vesting" should probably find no significant *516 place in the developing law of equitable distribution and that the customary uses of that concept are not relevant to the question of effecting such distribution. Stern v. Stern, 66 N.J. 340, 348 (1975). As the court said therein, "Our statute requires, in order that property be available for distribution incident to a divorce, that it shall have been acquired during marriage. There is no reference to vesting." Id.
In approaching the problem in this manner, we first note that Painter v. Painter, 65 N.J. 196, 215-217 (1974) mandates that the word "acquired," as used in N.J.S.A. 2A:34-23, must be construed in a "comprehensive sense." So viewed, we conclude that the $5917.26 contributed by defendant from his earnings during the marriage to plaintiff (up until the date of the filing of the complaint herein) is property "acquired" during the marriage and subject to equitable distribution under the statute. Cf. DiTolvo v. DiTolvo, 131 N.J. Super. 72 (App. Div. 1974).
Tucker v. Tucker, 121 N.J. Super. 539 (Ch. Div. 1972), relied upon by the trial judge, is factually inapposite. There the husband made no contributions to the private employer's incentive compensation and pension plan and consequently had no right of withdrawal before retirement.
In determining that the $5917.26 contributed by defendant is subject to equitable distribution, we are not directing an actual apportionment of that specific fund. Rather the amount thereof must be examined and valued as one element to be included in determining the entire assets to be allocated between the parties. In so including it the trial judge will fix such percentage or portion thereof which, under the existing circumstances, is equitable and just. Cf. Stern v. Stern, supra, 66 N.J. at 347.
Accordingly, that portion of the judgment entered by the trial judge which determined that plaintiff is not entitled to participate in the sum of $5917.26 contributed by defendant to the Police and Firemen's Retirement System is *517 reversed and the matter is remanded for a hearing in accordance herewith.
Reversed and remanded. We do not retain jurisdiction.