136 N.J. Super. 552 (1975)
347 A.2d 360
CHARLES EVANS WHITE, PLAINTIFF-RESPONDENT,
v.
CATHERINE WHITE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 30, 1975.
Decided October 24, 1975.
Before Judges HALPERN, CRANE and MICHELS.
Ms. Catherine White, appellant, argued the cause pro se (Messrs. Mutnick, Gast & White, attorneys).
*553 Mr. Gray N. Skoloff argued the cause for respondent (Messrs. Skoloff & Wolfe, attorneys; Mr. Richard H. Singer on the brief).
The opinion of the court was delivered by MICHELS, J.A.D.
A review of the record discloses substantial credible evidence to reasonably warrant the findings and conclusions of the trial judge that (1) defendant wife was not entitled to alimony; (2) plaintiff husband's future right to retirement income under a noncontributory pension plan provided by his employer was not subject to equitable distribution; (3) the sum of $2,366 accumulated in plaintiff's employment savings plan, and the sum of $5,907 on deposit in a checking account in the National State Bank, Elizabeth, New Jersey, in defendant's name were to be divided equally between the parties, and (4) defendant was not entitled to counsel fees and costs, and we discern no good reason or justification for disturbing them. State v. Johnson, 42 N.J. 146, 162 (1964). Accordingly, we affirm the judgment of the Chancery Division substantially for the reasons expressed by Judge Ruggiero in his opinion of July 14, 1974.
We deem it appropriate to point out that while this appeal was pending we held in Pellegrino v. Pellegrino, 134 N.J. Super. 512 (App. Div. 1975), that moneys contributed from an employee's earnings to a pension plan during marriage (up until the date of filing the complaint for divorce) are property acquired under N.J.S.A. 2A:34-23. See also Phillipson v. Board of Admin., Pub. Emp. Retirem. Sys., 3 Cal.3d 32, 89 Cal. Rptr. 61, 473 P.2d 765, 768 (Sup. Ct. 1970), involving community property law. However, the decision in the Pellegrino case is not dispositive of the issue raised on this appeal. Here, unlike the pension plan under consideration in Pellegrino, the pension plan of which plaintiff was a member was noncontributory, the entire cost of the benefits thereunder being paid by plaintiff's employer. Plaintiff made no contribution to the plan and consequently had no right of withdrawal. Plaintiff's only right under *554 the pension plan here involved is a right to receive retirement income in the future contingent upon either (1) becoming totally and permanently disabled, or (2) voluntarily terminating his employment (having attained the age of 40 and completed at least ten years of service) receiving a pension starting as early as age 55, or (3) retiring between the ages of 55 and 65. Full compliance with these eligibility requirements are conditions precedent to the acquisition of any right to retirement income under this plan. See 60 Am. Jur.2d, Pensions and Retirement Funds, § 76 at 953. Since plaintiff had not fully complied with any of these requirements, he has not acquired any right to retirement income. See Phillipson, supra, wherein the Supreme Court of California observed:
Williamson v. Williamson (1962) 203 Cal. App.2d 8, 11, 21 Cal. Rptr. 164, 167, summarized the law as follows: "[P]ensions become community property, subject to division in a divorce, when and to the extent that the party is certain to receive some payment or recovery of funds. To the extent that payment is, at the time of the divorce, subject to conditions which may or may not occur, the pension is an expectancy, not subject to division as community property." [89 Cal. Rptr. 66, 473 P.2d 770]
In the context of this case it is not necessary to decide now the effect of plaintiff's compliance with the eligibility requirements of the pension plan at some future date or the appropriate method of dividing such retirement income if and when acquired by plaintiff. Cf. Smith v. Lewis, 13 Cal.3d 349, 118 Cal. Rptr. 521, 530 P.2d 589, 597-598 (Sup. Ct. 1975).
Accordingly, we are satisfied that Judge Ruggiero properly held that whatever right plaintiff presently has under the pension plan, it does not constitute property acquired during his marriage to defendant within the intendment of N.J.S.A. 2A:34-23 and was not subject to equitable distribution under that statute. See Tucker v. Tucker, 121 N.J. Super. 539, 549-551 (Ch. Div. 1972).
*555 Plaintiff's application for counsel fees and costs and defendant's application for costs in connection with this appeal are denied.
Affirmed.