151 N.J. Super. 515 (1977)
377 A.2d 697
SARA ANN MC GREW, PLAINTIFF-APPELLANT,
v.
DONALD C. MC GREW, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 1, 1977.
Decided July 13, 1977.
*516 Before Judges LYNCH, MILMED and ANTELL.
Mr. Saverio R. Principato, attorney for appellant.
Mr. D. Neil Manuel, attorney for respondent.
The opinion of the court was delivered by ANTELL, J.A.D.
The narrow question presented on this appeal is whether the defendant husband's interest in a noncontributory retirement pension plan qualifies as property acquired during the marriage so as to be eligible for equitable distribution under N.J.S.A. 2A:34-23.
The parties were married March 7, 1947, and defendant's present employment began the following month. The retirement plan provides for a normal retirement date following the participant's 65th birthday and an early retirement date which may occur on the first day of any month *517 he designates after his 55th birthday. The only proviso attendant thereto is that he then have completed ten years or more of continuous service.
When this action was filed defendant was 58 1/2 years old and had completed almost 26 years of service. Under the plan the only event which might defeat the payment of benefits is defendant's death before retirement or before he exercises an available retirement option. Reasoning that defendant's receipt of benefits are an expectancy and not a vested interest, the trial judge held that this was not property subject to equitable distribution. Reliance was placed upon White v. White, 136 N.J. Super. 552 (App. Div. 1975), which, in the judge's opinion, governed the disposition hereof.
We do not agree that the issue here presented is controlled by White. Although the facts of the case were not fully developed in that opinion, it does not appear that the husband's interest had matured to the stage where, as here, all that remained was for him to say when payments were to begin. In differentiating the facts before it from those of Pellegrino v. Pellegrino, 134 N.J. Super. 512 (App. Div. 1975), the White opinion noted (at 553) that the pension plan in the latter case was one to which the husband had made contributions and from which he therefore had a "right of withdrawal." In the case before us, although there are no contributions available for the husband to withdraw, he is free to start receiving benefits under the plan whenever he chooses. His situation is therefore significantly analogous to that of the pension plan participant in Pellegrino.
That the concept of "vesting," as developed within the law of future interests, has little meaning in the equitable distribution of a marital estate was noted in Stern v. Stern, 66 N.J. 340, 348-349 (1975): "Our statute requires, in order that property be available for distribution incident to a divorce, that it shall have been acquired during marriage. There is no reference to vesting." Further, *518 the statutory provision for equitable distribution of property rests upon the premise that
* * * each spouse contributes something to the establishment of the marital estate even though one or the other may actually acquire the particular property. Therefore, when the parties become divorced, each spouse should receive his or her fair share of what has been accumulated during the marriage. The concept of fault is not relevant to such distribution since all that is being effected is the allocation to each party of what really belongs to him or her. [Chalmers v. Chalmers, 65 N.J. 186, 194 (1974)]. [footnote omitted]
As a form of deferred compensation earned during coverture, pension benefits constitute distributable assets under the statute. Kruger v. Kruger, 139 N.J. Super. 413, 417-418 (App. Div. 1976). While the uncertainty of enjoying benefits may be a factor to be considered in awarding distribution, the failure of the property interest to have vested in the sense essential to the alienability of real estate does not disqualify it as property acquired during the marriage for purposes of equitable distribution. Of greater importance, as the court aptly pointed out in Blitt v. Blitt, 139 N.J. Super. 213, 218 (Ch. Div. 1976), is "the nature of the interest and defendant's control over it." Although some question exists as to when or whether the retirement benefits will be enjoyed, the consideration critical to the issue of distribution is the extent to which the anticipated benefits will have been generated by the mutual effort of the parties. Thus, the court's focus must rest upon the equities which are relevant to the claims asserted upon the proceeds when, as, and if they materialize.
Some authorities have flatly taken the view that even pension rights which are wholly contingent should be included for distribution. In re Marriage of Brown, 15 Cal.3d 838, 126 Cal. Rptr. 633, 544 P.2d 561 (Sup. Ct. 1976); DeRevere v. DeRevere, 5 Wash. App. 741, 491 P.2d 249 (App. Ct. 1971).
*519 But even under the criterion of "vesting" the facts hereof qualify this defendant's pension interest as property acquired during the marriage. See Angott v. Angott, 462 S.W.2d 73 (Tex. Civ. App. 1970); Phillipson v. Board of Admin., Pub. Emp. Retirem. Sys., 3 Cal.3d 32, 89 Cal. Rptr. 61, 473 P.2d 765 (Sup. Ct. 1970); Brown v. Brown, 27 Cal. App.3d 188, 103 Cal. Rptr. 510 (D. Ct. App. 1972); Bensing v. Bensing, 25 Cal. App.3d 889, 102 Cal. Rptr. 255 (D. Ct. App 1972); Williamson v. Williamson, 203 Cal. App.2d 8, 21 Cal. Rptr. 164 (D. Ct. App. 1962). As we have pointed out, defendant's right of enjoyment awaits only his decision as to when this will occur.
We conclude, therefore, that the retirement benefits provided for by the defendant's pension plan constitute property acquired within the intent of N.J.S.A. 2A:34-23. The order below is therefore reversed and the matter remanded to the trial judge for further proceedings looking to the distribution of this asset in accordance with equitable principles. These should take into account, among other things, defendant's options under the retirement plan and the possibility of his death before retirement or before exercising an available option. See generally, In re Marriage of Brown, supra, 126 Cal. Rptr. at 639, 640, 544 P.2d at 567, 568.
Noting the trial judge's concern with the apparent inequity of distributing to plaintiff her share of the pension's "present value", we observe that it is not limited to this mode of distribution. See Kruger v. Kruger, supra.
We do not retain jurisdiction.