MILLER v MILLER

Docket No. 77-659. Submitted October 5, 1977, at Grand Rapids.—
Decided June 5, 1978.

Plaintiff Julia M. Miller filed a complaint against George W.
Miller seeking a judgment of divorce. The Kalamazoo Circuit
Court, Raymond W. Fox, J., entered a judgment granting the
divorce and dividing the property of the parties. Defendant
appeals and presents the issue of whether a party's interest in
a pension plan, funded entirely by his employer, is distributa-
ble pursuant to a divorce and property settlement. *Held:*

An employee's interest in a pension funded by his employer
is distributable pursuant to a judgment of divorce to the extent
that the interest is marital property with a reasonably ascer-
tainable present value. Interests which are contingent upon the
happening of an event which may or may not occur are not
distributable. The party seeking to include the interest in the
marital estate bears the burden of proving the reasonably
ascertainable value.

Remanded.

M. J. KELLY, J., dissents and would hold that there is no
reason to remand since it appears from the agreed statement of
facts that the husband should be given credit for half of the
amount contributed by plaintiff wife into her pension fund
because the contribution came from marital funds; further-
more, the controversy is *de minimis* and the problems of
noncontributory versus contributory pension plans, whether
vested or nonvested, should await the existence of a contro-
versy highlighting genuine competing considerations.

OPINION OF THE COURT

1. DIVORCE—DISTRIBUTION OF ASSETS—RETIREMENT PENSIONS—MARI-
TAL PROPERTY—PRESENT VALUE.
An employee's interest in a pension funded by his employer is

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3, 4] 24 Am Jur 2d, Divorce and Separation §§ 623, 679, 723.
60 Am Jur 2d, Pensions and Retirement Funds §§ 59, 80.
Pension of husband as resource which court may consider in
determining amount of alimony. 22 ALR2d 1421.

distributable pursuant to a judgment of divorce only to the extent that the interest is marital property with a reasonably ascertainable present value; if the employee's interest is contingent or a mere expectancy it may not be distributed pursuant to a divorce judgment.

2. DIVORCE—APPEAL AND ERROR—DISTRIBUTION OF ASSETS—RETIREMENT PENSIONS—PRESENT VALUE.

A trial court erred in a divorce action in allocating the interests in pension funds of both a husband and his wife in the property settlement based upon total contributions to the funds where such calculations did not take into account the reasonably ascertainable present value of the interests in the funds.

3. DIVORCE—DISTRIBUTION OF ASSETS—RETIREMENT PENSIONS—BURDEN OF PROOF—VALUE.

A party in a divorce action who seeks to include an interest in a pension fund for allocation in the property settlement bears the burden of proving the reasonably ascertainable value of the interest in the fund in order for that interest to be considered an asset subject to allocation.

DISSENT BY M. J. KELLY, J.

4. APPEAL AND ERROR—DIVORCE—REMAND—DISTRIBUTION OF ASSETS —INTEREST IN PENSION FUNDS—MARITAL PROPERTY—VALUE— AGREED FACTS.

*There is no need for the Court of Appeals to remand to the trial court for a finding of the reasonably ascertainable value of the parties' interests in pension funds and for an allocation of such marital property between the parties where the case was submitted on an agreed statement of facts from which such determination can be made without remand.*

*Birkhold, Newland & Hills,* for plaintiff.

*Edward J. Ryan,* for defendant.

Before: M. F. CAVANAGH, P. J., and BRONSON and M. J. KELLY, JJ.

BRONSON, J. This is an appeal from a judgment in a divorce action in which the property of the parties was divided by the trial court. The sole

issue on appeal is one of first impression in Michigan—whether a party's interest in a pension plan which is funded entirely by his employer is distributable pursuant to a divorce and property settlement.

The leading Michigan case on the distribution of a party's interest in a pension pursuant to a divorce is *Hutchins v Hutchins,* 71 Mich App 361; 248 NW2d 272 (1976). In *Hutchins,* the Court held that a husband's accumulated contributions to a pension plan funded by deductions from his salary was to be considered an asset by a trial court dividing property in a divorce action. The Court's rationale was that the accumulated contributions constituted marital property because they were deducted from the husband's salary and were not forfeitable:

"Returning to the Michigan public safety department pension, accident and disability fund leads us, as do other jurisdictions with similar statutes, to the conclusion that it also treats the accumulated deductions in the husband's account in a manner which makes them marital property. Here, the plaintiff-husband's interest was created in most part from his salary, and we agree with the defendant-wife that these deductions would have been available to the parties during their marriage to be invested in stocks, bonds, savings account, annuity and/or other investments. The plaintiff-husband's right in the fund is fully vested and cannot be subjected to divestment or forfeiture, except as herein noted for breach of the public trust. We also hold that it is property that came to the plaintiff by reason of the marriage and therefore should be included in the total assets of the parties. As in New Jersey, our divorce laws make no reference to vesting.[1] See MCLA 552.1 *et seq.;*

---

[1] The Court's reference to "vesting" is puzzling in light of its finding that the husband's interest in the fund was "fully vested". To the extent this language could be read as indicating that it is irrelevant to a determination of distributability that an interest in a pension

MSA 25.81 *et seq.* Therefore, it must be included as an asset in the distribution of property." *Hutchins, supra,* at 370–371.

Accord, *In re Marriage of Pope,* 544 P2d 639 (Colo App, 1975), *Pellegrino v Pellegrino,* 134 NJ Super 512; 342 A2d 226 (1975), *Tucker v Tucker,* 121 NJ Super 539; 298 A2d 91 (1972), *Schafer v Schafer,* 3 Wis 2d 166; 87 NW2d 803 (1958).

We believe the same result should obtain where the pension is funded directly by the employer. *I.e.,* an employee's interest in a pension funded by his employer is distributable pursuant to a divorce only to the extent that the interest is marital property[2] with a reasonably ascertainable present value. If the employee's interest is contingent or a mere expectancy it may not be distributed pursuant to a divorce judgment. See, generally, *Polate v Polate,* 331 Mich 652; 50 NW2d 190 (1951). Cases from other jurisdictions are in accord with this rule.

In *Tucker v Tucker, supra,* the New Jersey court held that a husband's interest in a pension and profit-sharing plan was not distributable pursuant to a divorce judgment because the plan was funded entirely by the employer, the employee had no right of withdrawal and the right to payment in the future was not certain. The court quoted *Williamson v Williamson,* 203 Cal App 2d 8, 11; 21 Cal Rptr 164 (1962), with approval:

" 'Pensions become community property, subject to division in a divorce, when and to the extent that the

---

fund is "vested" or not, we disapprove. In determining whether an interest is distributable, the court should consider whether the pension is vested or not, not the source of the funding.

[2] *See* MCL 552.19; MSA 25.99. The trial court found that the pension interests were marital property. We do not disagree with that finding.

party is certain to receive some payment or recovery of funds. To the extent that payment is, at the time of the divorce, subject to conditions which may or may not occur, the pension is an expectancy, not subject to division as community property.' " 121 NJ Super at 549.

The same reasoning was applied in *White v White*, 136 NJ Super 552; 347 A2d 360 (1975), in which the court held that an employee's interest in a pension plan funded entirely by the employer, with no right of withdrawal and which required full compliance with eligibility requirements as a precondition to payment, was not "property" subject to equitable distribution before the conditions had been met. See, also, *In re Marriage of Ellis*, 36 Colo App 234; 538 P2d 1347 (1975).

In the case at bar, the trial court's distribution of the pensions of both the husband and wife was based on total contributions to the pension funds. This was improper. Pension interests are distributable only to the extent of their reasonably ascertainable present value. See *Hutchins v Hutchins, supra*, at 372.[3]

In evaluating the interests at issue in the case at bar, a recent New Jersey case stated the problem as follows:

"On one side is property which, although not without value, constitutes an expectation of receipt of benefits or is subject to a contingency. *Tucker v. Tucker, supra; Williamson v. Williamson*, 203 Cal.App.2d 8, 21 Cal.Rptr. 161 (D.Ct.App. 1962); *White v. White, supra*. On the other side of that line is property which, although not cash in hand, is not subject to a contingency, has a reasonably discernible value, and awaits but the decision of the owner to take actual possession. *Pellegrino v. Pellegrino, supra; See v. See*, 64 Cal.2d

[3] The actual distribution of the property is left to the trial court's discretion. See MCL 552.19; MSA 25.99.

778, 51 Cal Rptr. 888, 415 P.2d 776 (Sup.Ct. 1966);
*Angott v. Angott,* 462 S.W.2d 73 (Tex.Civ.App. 1970)."

The court held that only the second type of property was distributable. *Blitt v Blitt,* 139 NJ Super 213, 216–217; 353 A2d 144, 146 (1976).[4]

We therefore must remand this case to the trial court. The court should: (1) find whether the pension interests have a reasonably ascertainable value or whether the interests are expectancies or subject to contingencies, (2) determine that value, if any, and (3) applying equitable principles, allocate the distributable marital property between the parties. To aid the trial court on remand, we reiterate that pension interests are distributable only if they are marital property with a reasonably ascertainable value. Interests which are contingent upon the happening of an event which may or may not occur are not distributable. The party seeking to include the interest in the marital estate bears the burden of proving a reasonably ascertainable value; if the burden is not met, the interest should not be considered an asset subject to distribution.

Remanded for proceedings consistent with this opinion. Costs to appellant.

M. F. CAVANAGH, P. J., concurred.


M. J. KELLY, J. *(dissenting).* There is no need for a remand in the present case. This case was submitted on an agreed statement of facts by stipulation which included the following:

"The parties further agree that the Plaintiff's pension

---

[4] The court held that the defendant's interest in a 50% vested employer-funded profit-sharing plan had a distributable value of $24,500 (one-half of the fund), as distribution of that amount could occur on retirement, disability, death, or termination of employment.

fund has a present value of $1,393.00, and that the Plaintiff contributed $1,393.00 to said fund.

"The parties further agree that the value of the Defendant's pension fund is $3,857.56, and that the source of this sum was from the employer * * *."

The mistake that the trial judge made was in failing to give the husband credit for half of the amount paid by the plaintiff wife into the pension fund because her contribution obviously had to come from marital funds. The trial court decided that the assets should be divided on a 50/50 basis. The husband should be given credit for an additional $696.50, and the balance of the trial judge's decision should be affirmed. The controversy, although important to the parties, is *de minimis* and the problems of noncontributory versus contributory pension plans, whether vested or nonvested, should await the existence of a controversy which highlights the opposing interests for our determination as to what is and is not marital property viewed in the light of genuine competing considerations.