*In re* MARRIAGE OF DENNIS L. DONLEY, Petitioner-Appellant, and MARILYN A. DONLEY, Respondent-Appellee.

Third District    No. 79-377

Opinion filed April 30, 1980.

BARRY, J., specially concurring.

David L. Cover, of Peoria, for appellant.

Thomas H. Trager, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In 1977, after 11 years of marriage, petitioner Dennis L. Donley filed a complaint for divorce from Marilyn A. Donley, and in June of 1978, after the effective date of the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), a hearing was held solely to determine whether grounds existed for dissolving the marriage. The trial court entered an order dissolving the marriage and giving temporary custody of the parties' three children to Marilyn. Thereafter, a hearing was held to determine questions of support, maintenance, division of property, and child custody. The trial court filed a 10-page memorandum of opinion setting forth in considerable detail its decision as to the numerous issues presented.

Marilyn was given custody of the children, who at the time of the hearing were aged 8, 7, and 2 years, and she was awarded child support of $35 per week per child. She also was awarded all of the family furniture and appliances and the family home, valued at $69,000 and subject to a $15,000 mortgage and to a lien of $8,000. The latter lien in favor of Dennis represented an inheritance from his mother which he had contributed to the purchase of the home. Marilyn must repay the $8,000 within two years, either from the proceeds of a sale or by refinancing the mortgage. The home had previously been held in joint tenancy.

Dennis had been employed as a sheet metal worker for 13 years, earning about $24,000 annually, and has contributed to a union pension fund for 8 years. His pension rights will not be vested for 2 more years, and he testified that he did not know whether he was entitled to a return of the amount he had paid in if he terminates his employment before his pension rights are vested. The trial court found that the assets invested in the pension fund were marital property. In its opinion the court stated that Marilyn's claim to a portion of the pension must be recognized and that her share of the pension would be allocated to her as a credit upon equity in the marital home and household furniture. The court did not assign a dollar value to the pension rights so allocated. Dennis was awarded a shotgun, movie camera and projector, a CB radio, all hand tools, his phonograph records, his clothing and personal effects, and a 1975 pickup truck. Marilyn was given the 1976 Ford Torino station wagon. Dennis was ordered to assume all debts incurred by the parties prior

to the dissolution of the marriage except for the mortgage on the marital home and the debt for the purchase of the station wagon. Both the mortgage and the car loan are to be paid by Marilyn. The parties' small checking and savings accounts and a life insurance policy were awarded to Dennis.

Marilyn did not work during the marriage and previously was employed as a doctor's receptionist. Her request for maintenance was denied by the court as "not meet and proper" in view of the disposition of property between the parties. Finally, Dennis was ordered to pay to Marilyn $500 toward her attorney's fees.

Upon appeal from the judgment providing for distribution of property, Dennis contends that the trial court abused its discretion in awarding Marilyn the marital home when there was no evidence as to the value of the pension rights which were allocated to her in the form of equity in the home.

A recent decision by the First District Appellate Court, *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 659, 397 N.E.2d 511, 516, holds that pension rights are marital property "regardless of whether the interest is matured, vested or nonvested, or contributory or non-contributory." This decision has essentially adopted a similar holding in the California case of *In re Marriage of Brown* (1976), 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633. See also Kalcheim, *Marital Property, Tax Ramifications, and Maintenance: Practice Under the Illinois Marriage and Dissolution of Marriage Act—A Comparative Study*, 66 Ill. B.J. 324, 325 (1978).

In distinguishing vested from nonvested pensions, the *Hunt* court, in citing the *Brown* decision, said that:

> "Retirement pensions * * * are not gratuities, and ' "do not derive from the beneficence of the employer, but are properly part of the consideration earned by the employee * * * ." ' * * * [T]reating a nonvested pension interest as community property is justified by the fact that '[o]ver the past decades, pension benefits have become an increasingly significant part of the consideration earned by the employee for his services' and '[a]s the date of vesting and retirement approaches, the value of the pension right grows until it often represents the most important asset of the marital community.' (*Brown*, 15 Cal. 3d 838, 847, 544 P.2d 561, 566, 126 Cal. Rptr. 633, 638.)" 78 Ill. App. 3d 653, 660-61, 397 N.E.2d 511, 517.

In considering the problem of determining the value of pension rights, the court said in *Hunt*:

> "It is true that placing a present value on a pension or on a profit-sharing interest may be difficult, particularly if, as in this case, they

have not matured. However, difficulties in valuation are not an insurmountable barrier to including a pension or profit-sharing interest, whether matured, vested or nonvested, as marital property." 78 Ill. App. 3d 653, 662-63, 397 N.E.2d 511, 519.

In *Olsher v. Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488, the trial court apportioned the marital property of the parties without any evidence as to the value of four shares of stock in a closely held corporation. The reviewing court reversed and remanded for a determination of stock value after stating:

"[W]e find that in the absence of evidence of the stock's value, the trial court's division of the property was an abuse of discretion. Clearly, without evidence of the respective values of the various items of the marital property it was impossible for the court to divide the marital property in 'just proportion' as required by the statute." 78 Ill. App. 3d 627, 636, 397 N.E.2d 488, 495.)

In another recent case it was said that the trial court does not have to make specific findings of fact as to the value of each item of marital property in dispute, but in that case the reviewing court in a supplemental opinion went on to order an appraisal of the property in question. (*In re Marriage of Thompson* (1979), 79 Ill. App. 3d 310, 398 N.E.2d 17.) Obviously a determination of valuation was deemed necessary despite language to the contrary. For a discussion of these cases see 1979 Ill. Family Law Report 133-36 (Dec. 1979).

In our view valuation of marital property is necessary in order to reach a just apportionment except where the parties are awarded percentage interests in a particular item. See *Hunt* and *Brown*.

The memorandum of opinion filed by the trial court in the case here indicates that full consideration was given to all those relevant factors specified in section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503(c)). However, the award of equity in the marital home to Marilyn in lieu of her interest in Dennis' pension, without receiving evidence of the value of the pension rights, was an abuse of the court's discretion. We therefore reverse and remand this cause for a determination of the value of the pension rights and an equitable division of the marital property in accordance with the statutory requirements.

Reversed and remanded.

SCOTT, J., concurs.

Mr. JUSTICE BARRY, specially concurring:

While I agree that remandment is required here, I find the opinion of the majority to be unsatisfactory.

The record clearly reflects that the husband's pension rights were nonvested, and because I stoutly disagree with *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511, and *In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 398 N.E.2d 868, with regard to a lack of distinction between vested and nonvested pension rights, I believe the trial court must recognize the merit of vesting in determining the value of the rights as property or marital property. It is my position that pension rights must have some attribute of an indefeasible property right which is not subject to the uncertainties of life, death, illness, or continued employment in order to be property and consequently marital property.

Nonvested pension rights are perhaps resources of sorts, but it is not until and if they are received by the pensioner do they take on the quality of deferred compensation for past services as an employee. Nonvested pension rights are too contingent and speculative to be classified as property. (*In re Marriage of Ellis* (1975), 36 Colo. App. 234, 538 P.2d 1347, and *Ellis v. Ellis* (1976), 191 Colo. 317, P.2d 506.) Forcing the trial court to attempt to value a purely speculative interest in a pension right which has only a possible chance of ever being received appears to me to be an impossible burden and futile task for the trial court. I believe therefore that the trial court here should not include the nonvested pension rights of the husband in this case as marital property.

As aforesaid, I do agree that a remandment is necessary, but for a purpose other than what the majority suggests, because the pension rights involved are not vested. The pension plan in the present case is a contributory one to which Mr. Donley has contributed. Therefore even though those pension rights are not vested he may have an indefeasible property right to the return of his contribution to the pension plan made during the marriage. Though such a refund of his own contribution does not cause the possible benefits of the nonvested pension to be marital property, nevertheless I recognize a marital property right in this contribution if and to the extent that he may immediately demand and have it returned, so long as he need not satisfy any future conditions or contingencies.

A remandment then is for the purpose of determining whether he has an absolute indefeasible property right to presently demand his contributions, as well as determining the amount of those contributions to the pension plan during the marriage. If he does have such a right to recover his contributions, the trial court should equitably divide the contributions so received. In the event the husband has no indefeasible property right in and to his contributions, I believe they take on the speculative nature of the nonvested pension rights generally, and, as aforesaid, are not property or marital property subject to equitable division between the parties.

I would remand with directions consistent with the views expressed herein.