In re MARRIAGE OF RAE A. EVANS, Petitioner-Appellant, and DUANE E. EVANS, Respondent-Appellee.

Third District    No. 79-355

Opinion filed June 20, 1980.

BARRY, J., concurring in part and dissenting in part.

James L. Hafele, of Peoria, for appellant.

Joe Billy McDade, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On June 15, 1978, in the circuit court of Peoria County, the marriage of the petitioner, Rae A. Evans, and the respondent, Duane E. Evans, was dissolved. Following several contested hearings the trial court entered a property settlement order on December 11, 1978. The petitioner-wife filed a post-trial motion which the court denied.

The petitioner has appealed only from the property settlement order of the trial court. On appeal the petitioner has put her issues as follows:

"(1) Whether the trial court erred and thereby abused its discretion in failing to award to wife:

A. Any interest in Husband's retirement income plan and social security benefits accrued during the marriage.

B. Any interest in Husband's non-vested shares in his employee's investment plan accrued during the marriage.

C. Any maintenance.

(2) Was the trial court's valuation of the marital home contrary to the manifest weight of the evidence."

Contrary to the narrow issue lastly phrased by the petitioner, the more general issue she argues is whether the trial court erred in failing to equitably apportion all marital assets of the parties.

The marriage of the parties to this appeal had endured for 28 years. There were no minor children. The petitioner was 50 years of age at the time of the dissolution and was employed as a tenured school teacher in the Peoria school district. The respondent was 49 years old at the time of the trial court proceedings. He has a college degree in mechanical engineering and has been employed with the Caterpillar Tractor Company since 1952. The parties own a residence in Peoria which had an approximate value of $45,000. Both parties had acquired substantial nonmarital property which the trial court awarded to each respectively. The marital settlement order included as marital property the respondent's nonvested shares of stock in the Caterpillar Employees Investment Program which the trial court awarded to the respondent. Also listed in the marital settlement order were the pension benefits of both parties which the trial court awarded to each respectively. The respondent-husband's pension benefits, which are in issue, were vested and were wholly funded by his employer, Caterpillar. He was not entitled to receive his retirement benefits at the time of the dissolution of marriage because he was not then eligible to retire.

The wife's first argument is that the trial court erred in failing to award to her an interest in her husband's retirement benefits. Mrs. Evans computed her husband's total interest in his Caterpillar employees' pension by using standard life expectancy tables showing his life expectancy at age 49 to be 23.2 years. Computation by the husband's employer, Caterpillar, in July of 1978 showed the respondent at age 65 will receive $805 per month from his Caterpillar pension, and in addition $380 per month would be available to him from social security benefits based upon his past Caterpillar earnings. The monthly figures were based upon only the period of time during the respondent's employment with Caterpillar and during the life of their marriage. The petitioner asserts that the pension benefits from her husband's employer and his social security benefits are marital property and that she is entitled to one-half of the pension dollar from both sources that have accrued during their marriage.

■■ At the outset we reject the argument that petitioner should be entitled to one-half of her husband's social security benefits. The record contains almost no argument or facts which aid in determining either party's projected social security retirement benefits, and under the Federal social security law, it is well settled that the petitioner, as a divorced wife, having been married to the respondent for 28 years, will be entitled to receive retirement benefits from her divorced husband's social security account. Her receipt of these benefits is not altered by the divorce and does not reduce the respondent's social security benefits in any way. The right to receive social security benefits is derived from statute and not from the common law. The Federal statute, consistent with its remedial purpose, provides for the various contingencies of life including the dissolution of marriage. Since the statute itself provides for an equitable distribution of its benefits to dependents, spouses, divorced spouses, and other family members in the event certain contingencies occur, we will not disturb the statutory scheme by suggesting any award of any part of the actual social security retirement benefits to which respondent may be entitled upon his reaching retirement age.

■ As indicated, the petitioner contends that the trial court erred in failing to award her an interest in the respondent's vested Caterpillar employee retirement benefits. The petitioner argues that a property settlement order, which was drafted by the respondent's attorney, listed the Caterpillar pension benefits and other benefits of the respondent as marital property, and therefore precludes his argument on appeal that the pension benefits are not property. We reject this argument. The pension rights of the parties are not labeled specifically as either marital property or nonmarital property in the order finally entered. We also believe that such a classification by the trial court in its order, whether drafted by one of the parties to the litigation or by the trial judge himself, would not be binding upon us in our decision of the nature of the parties' pension rights upon the dissolution of their marriage.

In the case at bar, the trial court awarded each party his own respective pension benefits. Our Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101-802) does not mention pension rights and therefore does not specify them to be either marital or nonmarital property. In order to determine certain issues presented in this appeal we set forth for purposes of clarification the following definitive material:

> "An employee's interest in a pension or profit-sharing plan is said to be 'vested' if it is not forfeited by the discharge or voluntary retirement of the employee prior to retirement age. (*In re Marriage of Brown* (1976), 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 63.) A vested interest should be distinguished from a 'matured' interest,

that is, an unconditional right to immediate payment. (*Brown.*) An employee's right to pension or profit-sharing benefits, for example, *may vest after a term of service, but not mature until the employee reaches the age of retirement* and elects to retire. Finally, a 'noncontributory' pension or profit-sharing plan is one which is funded solely by the employer." (Emphasis added.) *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 658, 397 N.E.2d 511, 515.

In the instant case at the date of the dissolution of the marriage of the parties the respondent had certain vested pension rights resulting from his employment with Caterpillar Tractor Company. This court has recently held that pension rights are marital property even though the same are not vested. (*In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 403 N.E.2d 1337.) In arriving at the result in *Donley* reliance was had upon the decision in the case of *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511. In *Hunt* the reviewing court stated:

"We hold that an employee spouse's contractual right to a pension or profit-sharing interest is 'property' under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503), regardless of whether the interest is matured, vested or nonvested, or contributory or noncontributory." 78 Ill. App. 3d 653, 658-59, 397 N.E.2d 511, 516.

■■ As we did in *Donley*, we conclude in the instant case that the trial court erred in not classifying the respondent's pension rights as marital property.

The petitioner-wife further contends that the respondent-husband's nonvested 72.4121 shares of Caterpillar Tractor Company common stock should have also been classified as marital property when a disposition of property was effected pursuant to the terms of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503).

■■ In view of our previous holding in *Donley* and reliance on the case of *Hunt* we agree with petitioner's contention. We are aware of the vexatious problems inherent in determining the value of nonvested property rights. An in-depth discussion of such problems was set forth by the supreme court of California in the case of *In re Marriage of Brown* (1976), 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633, and this case was recognized as "most important" by the reviewing court in *Hunt* (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511) which determined that rights in a pension or profit-sharing plan are property whether the same be vested or nonvested. The fact that the ascertainment of the respondent's nonvested interest in the Caterpillar stock may be difficult does not result in it being considered nonmarital property. The nonvested rights are susceptible to a determination as to their value and should be considered as marital property for purposes of a property division in a marriage

dissolution proceedings. We set forth no guidelines for the trial court to follow in determining the valuation of rights in pension and profit sharing plans, since each case of necessity may result in the evolution of different procedures. We note, however, that there is no paucity of suggested guidelines set forth by the reviewing courts. See *In re Marriage of Brown* (1976), 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633; *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488; *Kruger v. Kruger* (1977), 73 N.J. 464, 375 A.2d 659; *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 388 N.E.2d 1289; and *In re Marriage of Smith* (1980), 84 Ill. App. 3d 446, 405 N.E.2d 884.

While not raised as an issue in this appeal we note that the petitioner-wife was also possessed of certain rights in a pension which the trial court did not label marital or nonmarital property in its property settlement order. Since this case must be remanded for further proceedings in regard to the disposition of property the trial court should also consider the status and classification of the petitioner's pension rights.

■ The petitioner further assigns as error the trial court's failure to grant her an award of maintenance and the valuation placed by the trial court on the homestead. As to the valuation of the homestead, we note that the valuation placed upon it was within the range agreed upon by appraisers and hence should not be disturbed. As to the petitioner's assertion that she should have been awarded maintenance, we express no opinion, since upon remandment the entire property settlement between the parties must be reconsidered and the award of maintenance may or may not depend upon the trial court's consideration of the pension rights and the nonvested interest of the respondent in a profit-sharing plan when it makes an equitable distribution of marital property.

■ We vacate the order of the trial court which made a division of property, thereby enabling the court to make an equitable division of marital property, with due consideration of pension and profit-sharing interests and an award of maintenance if proper and equitable. See *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488, and *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511.

Reversed and remanded with directions.

STENGEL, J., concurs.

Mr. JUSTICE BARRY, concurring in part and dissenting in part:

I agree with portions of the majority opinion and in part with the result reached. My disagreement with the majority opinion is with the decision that the husband's nonvested shares of Caterpillar Tractor Company's common stock are marital property. Accordingly, I

respectfully concur in part and dissent. The views expressed in my special concurring opinion in the case of *In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 403 N.E.2d 1337, set forth a theory inconsistent with the majority's position with regard to the disputed properties argued to be marital property in this appeal. I adhere to my interpretation of the law set forth in my special concurring opinion in *Donley* and believe it should be dispositive of the issues concerning the nature of the disputed properties in this case.

Initially I believe some comment upon the majority's disposition of the issue of whether the husband's vested pension benefit is marital property is warranted. I agree with the result the majority reaches on this issue but do so for different reasons than the majority sets forth.

As a result of the adoption of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101-802) Illinois became a jurisdiction wherein the marital property of the parties (defined in the Act as all property not specifically excluded as nonmarital property (Ill. Rev. Stat. 1977, ch. 40, par. 503)) is to be equitably apportioned between the parties. Although the theory of equitable distribution of marital property is similar to the traditional notions of community property adopted in other jurisdictions, I find the two theories are not identical. In community property jurisdictions an equal division of marital property is required. In an equitable apportionment jurisdiction, such as Illinois, the concepts of equity guide the division of the marital assets of the parties, and it need not necessarily be equal.

Several recent appellate court decisions have held that retirement benefits can be marital property. In support of the petitioner's claim on appeal and the majority opinion is the case of *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 388 N.E.2d 1289, where it was held that military retirement pay was marital property. The pension there was vested and matured. It is analogous to the present case in that the pension benefits were vested. However, that they were matured and actually then being received are the important distinguishing facts. The fact the pension in *Musser* was matured of course makes a value calculation of those benefits readily ascertainable, and avoids the difficult task of placing a value on the pension, as the majority opinion recognizes. And recently in *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511, it was held that a pension benefit which was vested but then unmatured was nonetheless marital property.

I agree with the wife's argument based upon *Hunt* that pension benefits are not property acquired by gift, bequest, devise or descent or property acquired in exchange for such property. Pension benefits are part of the consideration earned by the employed spouse for his service, though not always collectable; and vested pension benefits are deferred

compensation earned during the working years and payable upon the worker reaching retirement. (*Kruger v. Kruger* (1976), 139 N.J. Super. 413, 354 A.2d 340). I believe it is and should be the vested nature of such benefits that is determinative of whether such benefits are marital property. Similar results were reached with regard to military retirement benefits in *Chisnell v. Chisnell* (1978), 82 Mich. App. 699, 267 N.W.2d 155, and with regard to government pensions in *Shafer v. Shafer* (1958), 3 Wis. 2d 166, 87 N.W.2d 803, *Hutchins v. Hutchins* (1976), 71 Mich. App. 361, 248 N.W.2d 272, and nongovernmental pension benefits in *Mey v. Mey* (1977), 149 N.J. Super. 88, 373 A.2d 664, *Blitt v. Blitt* (1976), 139 N.J. Super. 213, 353 A.2d 144, *In re Marriage of Powers* (Mo. App. 1975), 527 S.W.2d 949, and *Pellegrino v. Pellegrino* (1975), 134 N.J. Super. 512, 342 A.2d 226. The above-cited cases represent the law of equitable apportionment jurisdictions, like Illinois, which have leaned upon the case law of various community property jurisdictions in deciding that vested pensions benefits are marital property. Although I believe there is a distinct difference between marital property distribution under our existing Marriage and Dissolution of Marriage Act and property distribution in a traditional community property jurisdiction, I conclude that the above-cited authority is persuasive that vested pension benefits are marital property. Accordingly I agree with the petitioner's claim on appeal and the majority opinion that the trial court erred in refusing to consider the husband's vested pension benefits as marital property. Because of this error the case must be remanded to the trial court for an equitable division of the husband's vested Caterpillar pension benefits.

In a related argument the petitioner-wife claims that her husband's nonvested 72.4121 shares of Caterpillar Tractor Company common stock are marital property. The majority opinion agrees while I do not.

Nonvested pension interests which are similar in character to this nonvested stock plan have been held to be mere expectancies and too speculative to be considered either property or marital property. (See *Van Loan v. Van Loan* (1977), 116 Ariz. 272, 569 P.2d 214; *French v. French* (1941), 17 Cal. 2d 775, 112 P.2d 235 (overruled in *In re Marriage of Brown* (1976), 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633); *White v. White* (1975), 136 N.J. Super. 552, 347 A.2d 360; but see *Blitt v. Blitt* (1976), 139 N.J. Super. 213, 353 A.2d 144; *Cearley v. Cearley* (Tex. 1976), 544 S.W.2d 661; *Lumpkins v. Lumpkins* (Tex. Civ. App. 1975), 519 S.W.2d 491; and *Leighton v. Leighton* (1978), 81 Wis. 2d 620, 261 N.W.2d 457.) However several recent cases have held that even nonvested pensions are property, and if earned during the marriage, marital property. (*Brown.*) (The Illinois *Hunt* case relied extensively upon the California *Brown* case.) While I agree with the result reached in the Illinois *Hunt* case, I do so because under the facts of that case the pension

involved was vested. The *Hunt* court stated in dicta "[t]hat such a contractual pension or profit-sharing interest, whether matured, vested or nonvested, contributory or noncontributory, is a chose in action [citation] and 'property' (See 30 Ill. L. & Prac. Property §3 (1957)) under section 503 of the Illinois Marriage and Dissolution of Marriage Act." (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 662, 308 N.E.2d 511, 518.) That dicta was used as the basis for the holding the case of *In re Marriage of Pieper* (1979), 79 Ill. App. 3d 835, 398 N.E.2d 868, and *In re Marriage of Donley* (1980), 83 Ill. App. 3d 367, 403 N.E.2d 1337. In *Pieper* the court admitted that the record did not disclose whether the husband's pension was vested, and nor was any such determination made by the *Donley* trial court. Relying upon the above-quoted dicta in *Hunt,* the *Pieper* court concluded that such a fact was not pertinent to its decision that the pension benefit was *marital property.* I strongly disagree with such a position. As I read the facts of *Hunt,* the determining factor in concluding that the pension benefit constituted marital property, was its vested nature. I decline to follow the reasoning of *Pieper,* that whether the pension is vested or not is irrelevant. I expressed my concern over this same issue in my special concurring opinion in *Donley,* and I believe my views there are equally applicable to this case.

In the case of *In re Marriage of Ellis* (1976), 191 Colo. 317, 552 P.2d 506, it was held that the military retirement pay of the husband was a resource, but was not marital property because it did not have any of the following characteristics: Cash surrender value; loan value; lump sum value; and value realizable at death. Such reasoning is equally applicable where the pension benefit is purely contingent and nonvested, as was considered in the *Pieper* case. Absent any of the characteristics of a truly vested pension right, valuation of a nonvested pension is an impossible burden to place upon the trial court, because of its contingent and conditional nature. Further, in light of the vast number of marriages dissolved in Illinois each year, it is impracticable and unnecessary to add the additional expenses of valuation experts to the mounting costs of marital litigation in an attempt to reach an unattainable result. Similar contra *Pieper* and *Donley* results were reached because of the nonvested contingent nature of pension benefits in the cases of *Savage v. Savage* (Ind. App. 1978), 374 N.E.2d 536; *Wilcox v. Wilcox* (Ind. App. 1977), 365 N.E.2d 792; and *White v. White* (1975), 136 N.J. Super. 552, 374 A.2d 360.[1]

In the instant case, the husband had no withdrawal rights in the subject nonvested stock. His receipt of the stock is contingent upon his continued employment at Caterpillar. His employment may be

---

[1] Pending legislation in the Illinois General Assembly shows a preference for the view that nonvested pensions are nonmarital property. H.B. 554 was approved by the Illinois House of Representatives by a vote of 103 to 18. The bill, as of May 29, 1980, is in the Senate Rules Committee.

terminated for any number of reasons, such as ill-health, his death, his quitting or his being fired. Consistent with my view of the law recited above, I conclude that these nonvested shares of common stock are contingent and speculative, even though they admittedly are a resource of sorts. (*In re Marriage of Ellis* (1975), 36 Colo. App. 234, 538 P.2d 1347, *aff'd* (Colo. 1976), 552 P.2d 506.) Therefore, I believe the disputed common stock, though a resource, is neither property nor marital property.

In view of the fact that I concur with the majority opinion that the case must be remanded to determine and include the husband's vested pension rights as marital property, I, of course, agree that the character of the wife's pension rights must also be considered by the trial court upon remand. Apparently no factual determination was made in this case that the wife's pension rights were vested. If they were vested then they should be included as part of the marital property. However, if they are nonvested, then I believe the trial court should be guided by the views expressed in this special concurring and dissenting opinion rather than the dicta expressed in the *Hunt* case, which I believe the majority needlessly perpetuates in an attempt to establish it as binding precedent.

Finally, I also agree with the decision of the majority that because of the remandment for a reconsideration of the entire property settlement between the parties we should not express an opinion upon the propriety of the trial court's refusal to award the wife maintenance. However as an alternative to the majority's position that the husband's nonvested employee stock plan is marital property I believe that nonvested pension benefits and other nonvested employee benefits can realistically be treated as anticipated income to the recipient rather than property and therefore considered by the trial court in deciding whether to award maintenance. (Ill. Rev. Stat. 1977, ch. 40, par. 504.) The existence of a pension or other employee benefit is relevant in determining the amount of maintenance, if any, that should be awarded.[2] The facts of the present case, as they develop on remand, may justify maintenance for the wife or the husband at some future time upon the contingency that the nonvested employee benefits become certain. Ill. Rev. Stat. 1977, ch. 40, par. 401(3).

---

[2] Buser, *Division of Pension Benefits in Dissolution of Marriage Proceedings Under Illinois Marital Property Law*, 2 (No. 3) Ill. Trial L. J. 21.